## MELLET & NICHTER BREWING CO., Inc., v. UNITED STATES.

(District Court, E. D. Pennsylvania. November 9, 1923.)

No. 10298.

1. **Intoxicating liquors ☞246—Property of brewing company not lawfully seized under search warrant.**

Beer and property used in the making of beer, while in the possession and on the property of a brewing company, holding a brewery permit issued by the United States Treasury Department, cannot lawfully be seized under a search warrant issued on an affidavit charging that beer in excess of the authorized alcoholic content is being illegally taken away from the brewery under National Prohibition Act, tit. 2, § 37 (Comp. St. Ann. Supp. 1923, § 10138½x).

2. **Intoxicating liquors ☞246—Seizure of entire brewery plant illegal.**

The seizure of the real estate and entire plant and equipment of a brewing company, under the guise of a warrant of search and seizure, was illegal, under National Prohibition Act, tit. 2, §§ 9, 25 (Comp. St. Ann. Supp. 1923, §§ 10138½dd, 10138½m).

Supplemental Memoranda.

3. **Intoxicating liquors ☞255—Appellate court should have before it a copy of the commissioner's record.**

While the practice of the District Court was to regard records of the United States Commissioner's office as before the court in proceedings to quash a search warrant and to accept copies furnished by counsel, on appeal the appellate court should have before it a copy of the Commissioner's record duly certified by him.

4. **Intoxicating liquors ☞255—Brewing company required to file bond as condition to return of property seized where government appeals.**

Where warrant of search and seizure was quashed, and the property consisting of the entire plant of the movant was ordered returned, and the government desired to appeal, an order in effect a supersedeas postponing the carrying out of the order was refused, but the owner was required to file a bond conditioned upon the return to custody of the marshal of any property enumerated in a libel by the government in a separate proceeding praying for condemnation and forfeiture of some of the

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

property enumerated in the inventory returned on the search warrant, under National Prohibition Act, tit. 2, §§ 25, 26 (Comp. St. Ann. Supp. 1923, §§ 10138½m, 10138½mm).

Proceedings by the United States against the Mellet & Nichter Brewing Company, Inc. On motion to quash warrant of search and seizure and petition for the return of seized property. Motion sustained; property to be surrendered on delivery of bond conditioned on return.

Francis J. McCarthy, of Philadelphia, Pa., for the motion.

Francis B. Biddle, of Philadelphia, Pa., for the United States.

McKEEHAN, District Judge. This case is before the court on the defendant's motion to quash the search warrant and on defendant's petition that the service and return of the search warrant be set aside and an order entered directing the return of the seized property. There is no dispute as to the facts.

The defendant is a Pennsylvania corporation which owns and operates a brewery in Pottsville, Schuylkill county, under a permit for the year 1923, issued by the United States Treasury Department on June 20, 1923, bearing serial number "Pa. L-60," which permit has not been revoked and is now in full force and effect.

On September 12, 1923, upon the sworn application of Frank D. Tippett, a general prohibition agent, supported by several affidavits by members of the Pennsylvania state police force, a general prohibition agent, and a chemist of the United States Bureau of Internal Revenue, the United States commissioner for the Eastern District of Pennsylvania issued a search warrant to said Tippett, his assistants, deputies, and aids, commanding them to enter upon the defendant's premises, which were described in the warrant by metes and bounds, to search the premises for the articles and things described in the warrant and to seize and bring same before him.

The affidavits upon which this warrant was issued were to the effect that on August 6th an empty Oldsmobile truck owned and driven by one James D. Dobbin, of Forrestville, backed up to the loading platform at the defendant's brewery and was there loaded with twelve kegs, and that again on September 1st, nine half barrels were similarly placed on a Reo truck at the loading platform; that on both occasions the trucks were followed from the brewery, their contents seized; and that, upon analysis, the kegs and half barrels were found to contain beer of an alcoholic volume of approximately 4 per cent. Upon these facts the applicant Tippett complained that the defendant's establishment was being conducted in violation of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), "and that there are contained in and upon said premises above described large quantities of beer containing more than one-half of 1 per centum of alcohol by volume, and fit for use for beverage purposes in tanks, casks, tubs, barrels, kegs, bottles, cases and other containers together with large quantities of hops, malt, malt compound, and extracts, cereals, yeast, mash, cases, bottles, casks, barrels, hogsheads, vats, pasturizers, dealcoholizers, filters, coolers, labeling machines, crowners, bottle washers, crowns, corks, malt grinders and hoppers, mixers and conveyors, con-

trivances, machines and materials as to the exact nature and description of which the deponent is uninformed, all of which are intoxicating liquor and property designed for the manufacture of intoxicating liquor, and that said intoxicating liquor and property designed for the manufacture of intoxicating liquor were unlawfully had and possessed by the said Mellet & Nichter Brewing Company, Inc., and were and are intended for use in violation of title 2 of this act of Congress."

On September 13th (the day after the issuance of the warrant) Tippett and his assistants seized the entire plant and equipment of the defendant, putting the place in the custody of guards and excluding the defendant company from operating or occupying its property. On September 20th, the prohibition agents turned the place over to the United States marshal for this district, who now has custody and possession of the entire property. The day after the seizure, the prohibition agent made a so-called "return" on the search warrant, which really consists of an inventory of all property found on the premises, the inventory comprising some 80 different items, and including an elevator, engines, boilers, machinery, pumps, a truck, ten horses, fourteen wagons, and a large number of tubs and casks and various utensils and supplies.

[1, 2] I am of opinion: First, that beer and property used in the making of beer, while in the possession and on the property of a brewing company holding a brewery permit issued by the United States Treasury Department, cannot lawfully be seized under a search warrant issued on an affidavit charging that beer in excess of the authorized alcoholic content is being illegally taken away from said brewery; and, second, that irrespective of the existence of a permit, the seizure of the real estate and entire plant and equipment of this defendant, under the guise of a warrant of search and seizure, was illegal.

The first question has already been decided by two District Courts of the United States, with which decisions I concur. In Francis Drug Co. v. Potter, 275 Fed. 615, decided by the United States District Court for the District of Massachusetts, the defendant corporation held a permit, under the National Prohibition Act, to keep and sell intoxicating liquor in accordance with the provisions of the act. Evidence was brought to the attention of the prohibition enforcement officers that an illegal sale of liquor for beverage purposes had been made at the drug company's place of business, whereupon an application for a search warrant which stated that liquors were illegally kept on said premises was filed. The United States commissioner thereupon issued a search warrant, upon which the liquors that formed a part of the stock in trade of the drug company were seized and turned over to the state prohibition director. The court held that the mere fact of an illegal sale on the drug company's premises was not sufficient to warrant the finding that its stock of liquor was being held for illegal purposes, since its possession of the seized liquor was not unlawful under the terms of its permit, and the liquor was ordered returned to the respondent.

In re Alpern, 280 Fed. 432, decided by the United States District Court for the Western District of New York, was a similar case. There the Alpern & Gritz Drug Company held a permit issued by the Com-

missioner of Internal Revenue to sell and dispense intoxicating liquors under the provisions of the National Prohibition Act. The liquors in its possession were seized upon a search warrant issued on information that the petitioner had sold liquor illegally. In ordering that the seized liquor be returned to the drug company, Judge Hazel said:

"That the petitioners had a permit to keep and sell intoxicating liquor for lawful purposes at their drug store is unquestioned in this proceeding. Therefore the possession of the liquor seized was not unlawful. The Commissioner of Internal Revenue is empowered by section 9 of the Prohibition Act to issue an order citing permittees to appear before him at a specified time and answer any complaint there may be with reference to their failure in good faith to conform to the provisions of the act, or to violation by them of the laws of any state relating to intoxicating liquor. The statute states that on the return of the citation, which shall be accompanied by a copy of the complaint, a hearing must be held within the judicial district and within 50 miles of the place where the offense is alleged to have been committed, and if it is ascertained as a result of the hearing that the permittees were guilty of willfully violating the prohibition laws, or have failed in good faith to conform to its provisions, then the permit shall be revoked, and none shall be granted them within one year thereafter. The permittees in such case have the right of review before a court of equity, and during the pendency of the action the permit 'shall be temporarily revoked.'

"It will be observed that the statute in plain and unambiguous terms prescribed the manner in which a permit to possess liquor by a permittee may be revoked. No proceedings to revoke have been begun against the petitioners. In the circumstances the possession by them of the intoxicating liquor seized by the prohibition agent was not unlawful and as to such liquor there was insufficient ground for issuing a search warrant or making a seizure of liquor thereunder."

A similar view was apparently taken by Judge Gibson of the United States District Court for the Western District of Pennsylvania, in the unreported case of In re Petition of Crescent Beverage Company, No. 922, May Term, 1923, in equity.

In the instant case, the petitioner had the right under the terms of its permit and under the terms of section 37 of title 2 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½x) to develop by the usual methods of fermentation and manufacture a beer containing more than one-half of 1 per cent. of alcohol by volume under and subject to the provisions of the act requiring the reduction of the alcoholic volume to within the legal limit before the beer is withdrawn from the brewery, or at such bonded plant to which it might be removed, under the commissioner's regulations, for the purpose of having the alcoholic volume reduced. For any alleged failure on its part to conform in good faith to the provisions of the act, a clear remedy is provided consisting of a citation to appear before the commissioner, a hearing on the complaint, and a revocation of the permit. This remedy cannot be dispensed with by means of a warrant of search and seizure.

On the second point above referred to, the prohibition agent and the United States marshal, or rather whatever law officers of the government have directed and supervised their action in this matter, have entirely misconceived the nature and purpose of a warrant of search and seizure and have disregarded the plain language of the statute and the terms of the warrant. A search warrant is an order in writing in the name of the sovereign, signed by a duly authorized officer of the

sovereign and directed to a peace officer, commanding him to search for personal property and bring it before the officer signing the warrant. It cannot be used as a cloak for dispossessing a man of his real estate. Section 25 of title 2 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½m), after declaring that it shall be unlawful to have or possess any liquor or property designed for the manufacture of liquor intended for use in violation of the act and that no property rights shall exist in any such liquor or property, provides that search warrants for the enforcement of this provision may be issued as provided in title 11 of the Act of June 15, 1917, generally known as the Espionage Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 10496¼a–10496¼v). Sections 3 and 6 of the Espionage Act (sections 10496¼c, 10496¼f) provide that if the judge or commissioner is satisfied of the existence of grounds for issuing a warrant under the terms of that act, he shall issue a warrant to a civil officer of the United States commanding him to forthwith search the person or place named for the property described in the affidavit "and to bring it before the judge or commissioner." The warrant in the instant case directed Tippett, his assistants, deputies, and aids, "to search the said premises for all and singular the articles and things above described and specified which then and there may be found to be located in and upon the premises above described, and in and upon any part thereof, and to seize and to bring same before me." Disregarding the language of the act and the terms of the warrant, the seizing officers have brought no property before the commissioner, but, instead, have entered upon and seized the entire plant, premises, and equipment of the defendant company, have placed the property under guard, excluding the defendant from possession, and have made no return to the officer issuing the warrant further than the filing with him of an inventory of all the property found on the defendant's premises, including a considerable number of fixtures, also dealcoholizers which are presumably not used in the manufacture of illegal beer, and a considerable amount of property which is at best related very incidentally and remotely to the manufacture of beer.

Since the defendant's possession of the beer and other property on these premises was lawful under the terms of its permit, and since the question whether the defendant has failed in good faith to conform to the provisions of the act and of its permit must be determined by a hearing before the commissioner as prescribed by section 9 of title 2 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½dd), the warrant of search and seizure in this case must be quashed, and the question as to just what property may be seized under a search and seizure warrant issued under section 25 of title 2 of the act is not directly involved. In view, however, of the extraordinary action that has been taken in this case, it is not inappropriate for me to observe that a good deal of unnecessary difficulty can probably be avoided by the exercise of some discretion and judgment on the part of officers who execute such warrants, and of the law officers of the government who usually advise them in these matters, and that there should be borne in mind the provision of section 21 of the Act of June 15,

296 F.—49

1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼u), which prescribes a fine or imprisonment for an officer who in executing a search warrant "willfully exceeds his authority, or exercises it with unnecessary severity." In any case in which a warrant of search and seizure may lawfully issue under the act, it would seem that liquor found to be illegally possessed, together with its containers, and personal property peculiarly adapted to and used in the manufacture of such liquor, may be seized; but some regard should be had to the degree of connection between any given piece of property and its illegal use in the manufacture of liquor. I doubt very much whether the statute authorizes the government to seize the hay that feeds the horse that hauls the cart that carries the hops, et cetera. Furthermore, the mandate of the statute and of the warrants issued thereunder that the seized property shall be brought before the officer issuing the warrant should be carefully complied with.

The motion to quash the search warrant is sustained, and the marshal, his deputies, aids, and agents, are directed forthwith to leave the defendant's premises and to deliver to the defendant all of the property described in the inventory filed with the United States commissioner on September 14, 1923.

### Supplemental Memoranda.

[3] The United States attorney having informed the court that the government desires to appeal from the adjudication filed in this case on November 9th, the United States commissioner is directed to file with the clerk of this court a certified copy of the warrant issued by him on September 12, 1923, for the search of the property of the Mellet & Nichter Brewing Company, together with certified copies of the application for said warrant, the affidavits in support thereof, the return and inventory, and all other papers on file in his office relating thereto. While the practice of the court has been to regard the records of the commissioner's office as before the court in matters of this sort, and to accept copies furnished by counsel, I think that on appeal the appellate court should have before it a copy of the commissioner's record, duly certified by him.

The government has asked the court to enter an order (which would be, in effect, a supersedeas) postponing the carrying out of the order for the return of the seized property pending a final disposition of the case by the Circuit Court of Appeals. In this connection, it is called to my attention that there is pending in this court an information of libel filed by the government praying for the condemnation and forfeiture of most, but not all, of the property enumerated in the inventory returned on the search warrant. The libel (being No. 248 of 1923) consists of two counts, one of which avers that the property enumerated in the libel is confiscable within the meaning and intent of section 25 of title 2 of the National Prohibition Act, and the other that it is confiscable under the internal revenue laws as property used and intended to defraud the government out of taxes imposed by section 608 of the Revenue Act of 1918 (Comp. St. Ann. Supp. 1919, § 6144bb). The Mellet & Nichter Brewing Company has filed an answer which denies all

the material averments of the libel, and no hearing has yet been held on the libel and answer.

[4] After consideration, I think that a supersedeas should be refused, but that the Mellet & Nichter Brewing Company should file a bond in the libel proceeding conditioned upon a return to the custody of the marshal of the court of any property enumerated in the libel that may hereafter be decreed to be condemned and forfeited. Until the interrelation of the various remedies provided by the Volstead Act and the extent to which the internal revenue laws are applicable to cases of this character are explained and clarified by authoritative judicial construction, courts of first instance, in dealing with them, lack the clear charts that are usually available. This case presents, it seems to me, an anomaly, namely, that the very official who issues and revokes permits, under the National Prohibition Act, appears through his subordinates before a United States commissioner and applies for a warrant to search and seize the petitioner's property on the ground that it is being used in violation of law, while at that very time he continues in force and effect the petitioner's permit which it is his duty to revoke if he is satisfied that the petitioner has failed in good faith to conform to the law.

Even if I am in error in my opinion that the grounds laid in the application and supporting affidavits were insufficient to justify either the issuance of the warrant or the action taken thereunder, I still think, as was said by Judge Augustus N. Hand in Re Search of No. 15 East Third Street (D. C.) 284 Fed. 914, that the provisions of section 25 of title 2 of the Volstead Act regarding the forfeiture of property "were not inserted to regulate the practice upon the return of a search warrant, but to prescribe the ultimate rights of the parties upon a certain state of facts, namely, unlawful possession, etc., assumed in the statute. In other words, these words set forth the circumstances under which the United States may confiscate the liquor, and not the conditions under which it may be seized and held pending a determination of the rights of the parties after a trial."

Regarding the internal revenue laws, it was held in United States v. Yuginovich, 256 U. S. 450, 41 Sup. Ct. 551, 65 L. Ed. 1043, that section 3257 of the Revised Statutes (Comp. St. § 5993), which made it an offense for a distiller to attempt to defraud the United States of a tax on spirits and penalized the offense by forfeiture of the distillery, was superseded by section 35 of title 2 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½v), and following this decision it was held that section 3450 of the Revised Statutes (Comp. St. § 6352) had been similarly superseded. United States v. One Haynes Automobile (C. C. A.) 274 Fed. 926; Lewis v. United States (C. C. A.) 280 Fed. 5; McDowell v. United States (C. C. A.) 286 Fed. 521. Thereafter Congress passed the Act of November 23, 1921, generally known as the "Willis-Campbell Act," 42 Stat. 221. Section 5 of this statute (Comp. St. Ann. Supp. 1923, § 10138⅘c) provided that all laws in regard to the manufacture and taxation of and traffic in intoxicating liquor and all penalties for violations of such laws that were in force when the National Prohibition Act was enacted shall continue in force

except as to such provisions as are directly in conflict with any provision of the National Prohibition Act or of the Willis-Campbell Act.

As to any property enumerated in the libel that may be forfeitable under the Internal Revenue laws, I think that 'the interests of the government can be adequately protected by the filing of a bond. In nearly all proceedings in rem the claimant may repossess himself of the res upon the filing of a bond conditioned upon its return in the event of a decision adverse to him, and section 26 of title 2 of the Volstead Act (Comp. St. Ann. Supp. 1923, § 10138½mm), dealing with the seizure and forfeiture of vehicles used to transport intoxicating liquor, provides that the vehicle. shall, after seizure, be returned to the owner upon the execution by him of a bond conditioned upon its return to the court at the time of the trial of the person charged with the act of illegal transportation.

It is therefore ordered that upon the filing by the Mellet & Nichter Brewing Company within 10 days from this date of a bond in an amount and form and with sureties to be approved by the court, conditioned upon a return to the marshal of the court of any property enumerated in the libel that may hereafter be adjudged to be forfeited, the marshal shall proceed to leave the premises of the petitioner and return to it the seized property in accordance with the adjudication entered on November 9th. Counsel for the government will prepare a form of such a bond and submit the same to the court after notice to counsel for the petitioner.