## UNITED STATES v. 3,510 BARRELS, MORE OR LESS, OF BEER, etc.

### Petition of PEOPLE'S BREWING CO., et al.

(District Court, D. New Jersey. January 23, 1925.)

**Intoxicating liquors** ⬅246—**Brewery equipment held not subject to forfeiture because of violation of law by lessee.**

Under National Prohibition Act, tit. 2, § 37 (Comp. St. Ann. Supp. 1923, § 10138½x), permitting the manufacture of beer containing more than one-half of 1 per cent. of alcohol, but requiring its reduction below such percentage before withdrawal from the factory, the fact that a permittee, which was lessee of a brewery, allowed the withdrawal of beer without making such reduction, does not subject the brewery equipment, used in the manufacture and owned by the lessor, which was not a party to the unlawful act, to forfeiture under section 25 of title 2 of the act (Comp. St. Ann. Supp. 1923, § 10138½m).

Forfeiture Libel. Proceeding by the United States to forfeit 3,510 barrels, more or less, of beer, and other property. On petition of the People's Brewing Company and the Trenton Trust Company. Decree modified, to exclude property claimed by petitioners.

Phillip Forman, Asst. U. S. Atty., of Trenton, N. J.

Oliphant & Mitchell, of Trenton, N. J., for defendants.

BODINE, District Judge. The United States filed a libel praying for the forfeiture of certain property seized from the brewery of the Olden Beverage Company, Trenton, N. J. No claimant appearing, an order was entered September 8, 1924, calling for the destruction of certain beer, vats, boilers, and other property used in its manufacture.

The People's Brewing Company, a New Jersey corporation, and the Trenton Trust Company, a banking institution chartered under the laws of New Jersey, filed a petition herein, alleging that they had not been served with process; that the People's Brewing Company was the owner of the brewery equipment, and had leased the premises to the Olden Beverage Company, and knew nothing of the violation of the law complained of, and that the Trenton Trust Company was trustee for numerous bondholders under a blanket mortgage upon the property of the People's Brewing Company. Testimony was taken to substantiate the charges in the petition. The jurisdictional questions suggested by the petition will not

be determined, since they are not necessary to the disposition of the case.

The People's Brewing Company, in leasing the brewery in question to the Olden Beverage Company, was justified in assuming that the latter would proceed to manufacture beer under section 37 of title 2 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½x), which provides for the manufacture of beer containing more than one-half of 1 per cent. of alcohol by volume, which *before being withdrawn from the factory shall,* under rules and regulations of the Commissioner, *be reduced* below one-half of 1 per cent. of alcohol. There was nothing violative of the National Prohibition law until the Olden Beverage Company permitted the withdrawal from its factory of beer fit for beverage purposes, from which a sufficient quantity of alcohol had not been withdrawn.

The United States is proceeding to forfeit under section 25 of title 2 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½m), which so far as pertinent provides as follows: "It shall be unlawful to * * * possess * * * *property designed for the manufacture of liquor intended for use in violating this title* or which *has been so used,* and no property rights shall exist in any such * * * property * * * and such property so seized shall be subject to such disposition as the court may make thereof. If it is found that such liquor or property was so unlawfully held or possessed, or had been so unlawfully used, * * * all property designed for the unlawful manufacture of liquor shall be destroyed, unless the court shall otherwise order."

It is contended by the United States that this section makes the right to forfeit absolute, and that the only discretion vested in the court is in determining whether the property shall be destroyed or otherwise disposed of for the benefit of the United States. A determination of this question is not necessary for the disposition of this matter.

The Supreme Court has said that intentions to confiscate private property will not be raised by inference in constructions and provisions of law which have ample field

for other operations. See Street v. Lincoln Safe Deposit Co., 254 U. S. 88, 95, 41 S. Ct. 31, 65 L. Ed. 151, 10 A. L. R. 1548. The property of the People's Brewing Company and the Trenton Trust Company was certainly not forfeitable until it was used in violation of law, and under section 37 of the act that could not be until the beer manufactured with such property had been allowed to be withdrawn without having the alcoholic contents reduced, in accordance with the law. Both of the petitioners are guiltless of any intent shown to act wrongfully in the premises. It is their property which the United States seeks to forfeit, not because the property was designed for a wrongful purpose, but because the lessee of the brewery did not use other means to rid the beverage manufactured by it of its excess alcoholic content before withdrawal.

The United States cannot forfeit property except as provided by law. It was not in this case sought to forfeit the property in question because it was designed for the manufacture of liquor intended for use in violation of the law, but *because it was so used.* The People's Brewing Company and the Trenton Trust Company had a perfect title, which could not be forfeited, when the lease was made. The right to possession of property designed for the manufacture of beer, of a certain quality, exists under section 37 of the act. *The property was subject to forfeiture only when used unlawfully.* It cannot be said that Congress intended that the innocent owner should lose his property because some wrongdoer makes an *improper use of it.* The property used in the manufacture of beer was forfeitable only when an unpermitted use was made of it with the connivance of the owner, or by the owner. The case falls within the reasoning of Mr. Justice Gray in U. S. v. Stowell, 133 U. S. 1, 20, 10 S. Ct. 244, 33 L. Ed. 555, and Mr. Justice Clarke in the Case of Street, supra.

The decree may be modified, so as to vacate the forfeiture as to such of the property owned by the People's Brewing Company, mortgaged to the Trenton Trust Company, which was fit for lawful use in the manufacture of beer containing less than one-half of 1 per cent. of alcohol.