## UNITED STATES v. AUTO CITY BREWING CO. et al.

(District Court, E. D. Michigan, S. D. April 13, 1925.)

No. 793.

1. Intoxicating liquors ⬥═⇒278—Property of innocent owner may be taken or destroyed, where reasonably necessary to abate nuisance under National Prohibition Act.

Under National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), whatever means are reasonably necessary to abate nuisance may be adopted, without infringing constitutional rights, though property of innocent owner is taken or destroyed.

2. Intoxicating liquors ⬥═⇒260—Provision of National Prohibition Act providing for destruction of property held applicable to machinery and equipment used in manufacture of liquor.

National Prohibition Act, tit. 2, § 25 (Comp. St. Ann. Supp. 1923, § 10138½m), providing for destruction of liquor and "all property designed for the unlawful manufacture of liquor," held applicable to brewery machinery and appliances used in the illegal manufacture of liquor, and not merely to movable chattels.

3. Intoxicating liquors ⬥═⇒260—Possession of beer in brewery after revocation of permit unlawful and a nuisance, so as to authorize destruction of equipment.

Possession of beer found on brewery premises after revocation of dealcoholizing permit was unlawful, and in itself constituted a common nuisance, in violation of National Prohibition Act, tit. 2, § 21 (Comp. St. Ann. Supp. 1923, § 10138½jj), and also violated section 3 (Comp. St. Ann. Supp. 1923, § 10138½aa) in view of section 33 (Comp. St. Ann. Supp. 1923, § 10138½t), so as to authorize destruction of manufacturing equipment found on premises.

In Equity. Bill by the United States against the Auto City Brewing Company and another to abate a nuisance under the National Prohibition Act. Decree for complainant.

See, also, 279 F. 132.

Delos G. Smith, U. S. Atty., and David Polasky, Asst. U. S. Atty., both of Detroit, Mich.

Henry Wunsch and Edward F. Wunsch, and Leonard S. Coyne, all of Detroit, Mich., for defendants.

TUTTLE, District Judge. This is a bill to abate a nuisance under the National Prohibition Act. The cause is before the court for decision·on final pleadings and proofs.

The defendant Auto City Brewing Company is the owner of the brewery premises alleged to constitute the nuisance complained of. Said defendant was restrained in 1922 from maintaining such nuisance on said premises. In October, 1923, the defendant Star Products Company obtained from the other defendant the right to occupy the premises and obtained from the government a permit to operate a dealcoholizing plant on the premises in accordance with the provisions of the National Prohibition Act, which permit was subsequently, in May, 1924, revoked. In the latter ·part of July and in the early part of August, 1924, the premises were raided by prohibition officers and a large quantity of beer was found stored in vats in the brewery and several carloads of beer were found on a railroad siding near said brewery. The beer so found was later destroyed under an order of this court. There is no direct evidence that any of such beer was manufactured after the revocation of the permit referred to. At the time when this beer was so found, the brewery was equipped with various machinery, materials and paraphernalia obviously designed for the manufacture of beer and used for the manufacture of the beer in question, either before or after the revocation of the permit mentioned.

The government has filed its bill charging that the defendants have been maintaining an unlawful nuisance by the use of these brewery premises for the purpose of manufacturing, selling, keeping, and bartering in-

toxicating liquor, in violation of the National Prohibition Act. In addition to the usual prayers for the injunctive relief expressly prescribed by the statutory provisions applicable to such cases, the government asks that the machinery, materials, paraphernalia, and equipment already referred to be destroyed; it being alleged in the bill that this property (consisting of compressors, pumps, tanks, hoppers, piping, receptacles, utensils, hops, malt, syrups, and other similar machinery and equipment fully described and itemized in the bill) is being kept and used in the illegal manufacture of intoxicating liquor and in the maintaining of a common nuisance on the premises involved as aforesaid.

The evidence fairly shows that the defendants have maintained a nuisance on the premises mentioned (and fully described in the bill of complaint), and it is clear that all of the injunctive relief prayed should be granted. This does not even seem to be seriously disputed by the defendants themselves. With respect, however, to the destruction of the property in question, the parties are in sharp dispute.

[1] 1. The government prays in its bill and urges in its brief that the articles, equipment, appliances, and other property above referred to should be decreed to be a part of the nuisance charged, and therefore be ordered destroyed as a part of the remedy of abatement prayed. There can be no doubt that, as said by this court in its opinion in United States v. Boynton, 297 F. 261, "Whatever means are reasonably necessary to abate such a nuisance, even to the extent of taking or destroying the property of an innocent owner, may be adopted without infringing any constitutional rights." In the application of this rule to the present case, there is much force in the argument that, at least under the circumstances here presented, the destruction of the property involved is reasonably appropriate, if not necessary, to an adequate abatement of the nuisance, which the defendants have been maintaining by the operation of this brewery.

2. Plaintiff further insists that the power and duty of the court to destroy this property are indicated by the following language of section 25 of title 2 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½m).

"It shall be unlawful to have or possess any liquor or property designed for the manufacture of liquor intended for use in violating this title or which has been so used, and

no property rights shall exist in any such liquor or property. A search warrant may issue as provided in title XI of public law numbered 24 of the Sixty-Fifth Congress, approved June 15, 1917, and such liquor, the containers thereof, and such property so seized shall be subject to such disposition as the court may make thereof. If it is found that such liquor or property was so unlawfully held or possessed, or had been so unlawfully used, the liquor, and all property designed for the unlawful manufacture of liquor, shall be destroyed, unless the court shall otherwise order."

[2] Defendants contend that this section refers and applies only to movable chattels "such as hops, malt, sugar or other materials entering into the manufacture, rather than the machinery, equipment, etc., used in the process of manufacture"; that the quoted reference to the issuance of a search warrant "indicates the delivery of the property seized to the court issuing the warrant"; and that a further provision in said section, not quoted above, forbidding the taking of any property seized under such a warrant from the officer on any writ of replevin or like process, "would indicate clearly that the seizure is limited only to movable personal property, as a writ of replevin may only be issued for the recovery of such property." I cannot agree with this contention. The provisions relative to search warrants and writs of replevin are entirely independent of the other statutory provisions of the section just quoted. Congress has broadly and unambiguously used the word, "property" instead of words indicating a particular kind of property (which it could readily have done), and the term employed has a well defined and easily understood legal meaning. The language of section 25, just quoted, must be construed to apply to the kind of property here involved.

[3] It is further urged by defendants that although the testimony showed that "there was a great quantity of beer on hand in the brewery at the time of the revocation of the permit," yet "there was no evidence to indicate that any beer was illegally manufactured in the brewery subsequent to the revocation of the permit," and that, therefore, "it must be presumed that it was manufactured and held according to law and * * * there could be no basis for the seizure of it or of the utensils or equipment used in its manufacture." This argument also is without merit. It is clear that, aside from any other question, the possession of this

beer in the brewery after the revocation of the permit referred to was unlawful, not only because its possession, "kept" in the brewery as it was, itself constituted a common nuisance in violation of section 21 of title 2 (Comp. St. Ann. Supp. 1923, § 10138½jj), but also because such possession violated section 3, tit. 2 (Comp. St. Ann. Supp. 1923, § 10138½aa) read in connection with section 33, tit. 2, of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½t). The property, therefore, sought to be destroyed was "property designed for the manufacture of liquor * * * which has been * * * used" in violating the act, within the meaning of section 25 under consideration. It was, therefore, unlawful, under the terms of said section, for the defendants to "have or possess" such property, "no property rights * * * exist in any such property," and "such property" is "subject to such disposition as the court may make thereof."

A decree will be entered in accordance with the terms of this opinion, granting all of the relief prayed in the bill of complaint.