## UNITED STATES v. NINE 200-BARREL TANKS (APPROXIMATELY FULL) OF BEER.

(District Court, D. Rhode Island.    June 22, 1925.)

No. 1633.

**1. Intoxicating liquors ⬤⟲246—Search warrant relates only to personal property.**

Search warrants issued under National Prohibition Act, tit. 2, § 25 (Comp. St. Ann. Supp. 1923, § 10138½m), read in connection with the search warrant provisions of Espionage Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼a et seq.), which it incorporates, relate only to property which is movable, and real estate and things annexed to real estate are not within the purview of the statute.

**2. Searches and seizures ⬤⟲3—Search warrant should be quashed as to real estate seized thereunder.**

Search warrant under which real estate is seized was wrongfully used, and should be quashed as to such property, and where the illegality was such as to affect the whole proceedings, or all or a large portion of the property seized, the whole transaction will be held invalid, but the acts of the officer may be separable, and sustained as to property legally seized.

**3. Searches and seizures ⬤⟲8—Officer liable as trespasser as to property wrongfully seized under search warrant.**

An officer who enters under a search warrant and rightfully seizes certain property, and wrongfully seizes other property, is liable as a trespasser ab initio only as to the property wrongfully seized.

**4. Intoxicating liquors ⬤⟲249—Unlawful seizure of property under search warrant held not to invalidate seizure of other property.**

Where prohibition agents, acting under a search warrant directing search of a brewery for intoxicating liquors, containers, and property designed and intended for unlawful manufacture of liquor, seized the entire brewery and contents, including fixtures, steam engines, and other machinery, as well as a quantity of beer in tanks, their action held separable, and sustainable as to the beer.

**5. Intoxicating liquors ⬤⟲246—Libel for forfeiture of property seized under search warrant cannot be maintained as to realty or fixtures.**

A libel for forfeiture of property seized on a search warrant issued under National Prohibition Act, tit. 2, § 25 (Comp. St. Ann. Supp. 1923, § 10138½m), is applicable only to things which can be taken into the custody of the marshal and removed, and cannot be maintained as to realty, or articles, like fixtures, which form part of the realty.

Forfeiture libel. Proceeding by the United States against nine 200-barrel tanks (approximately full) of beer. On motions to dismiss libel and to quash search warrant. Motion to dismiss overruled, and case to stand for further hearing on motions to quash search warrant and to suppress evidence.

Norman S. Case, U. S. Atty., of Providence, R. I.

Daniel T. Hagan, Chas. A. Kiernan, and John J. Rosenfeld, all of Providence, R. I., for defendant.

MORTON, District Judge. The claimant owned a brewery in Pawtucket, R. I. On the 31st of December, 1924, Powers, a federal prohibition agent, became aware that a truck had been loaded there with what proved to be beer of over 5 per cent. alcohol content. He seized the truck and contents, and applied for and obtained from a United States commissioner a warrant to search the brewery for intoxicating liquors, containers, and property designed and intended for the unlawful manufacture of intoxicating liquor illegally held and possessed there under the National Prohibition Act. Comp. St. Ann. Supp. 1923, § 10138¼ et seq.

On January 2, 1925, the officers went in under this warrant. They found nine 200-barrel tanks of strong beer and the usual machinery, apparatus, and equipment of a brewery. They thereupon took possession of the brewery. They stayed there four days, for the purpose, it is said, of making an inventory. On January 6th a libel for forfeiture was filed in this court against the entire contents (practically speaking) of the brewery, including steam boilers, steam turbine, and electric generator, refrigerating machines, steam pumps, various other machines, cookers, tanks, etc. The brewery had no permit from the collector of internal revenue. It was being operated, as the claimant asserts, for the manufacture of near beer. The parties agree that in that process beer of full strength is first made and then the alcohol is extracted from it. After the libel was filed, a warrant and monition were issued against the property seized, and it was all taken over by the United States marshal.

The questions now before the court arise on a motion to dismiss the libel, and on motions to quash the search warrant and for the return of the property seized under it.

[1] As to the latter motion: Search warrants are governed by Espionage Act, art. 11 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼ et seq.). A basic assumption on which that act rests is that the property seized can be "taken" by the seizing officer "from" some person or place and brought "before the judge or commissioner."

Sections 2 and 6. A receipt is to be given for the property "taken." The property, if not "restored to the person from whom it was taken," is "to be retained in the custody of the person seizing it," etc. Section 16. Section 25 of the National Prohibition Act is to be read in connection with the Espionage Act, which it incorporates. It relates to property which is movable, and can be disposed of as movable property by destruction or return, and which could be made the subject of replevin proceedings. Real estate and things annexed to real estate are not within its purview, but are to be dealt with under section 22 of that act, in connection with the use of the premises.

[2] There is difficulty in applying these principles to the present case, because what constitutes a fixture is largely a question of fact, and no evidence has been submitted describing the various articles seized. It might perhaps be held that steam boilers, a steam turbine and generator, steam pumps, refrigerating machines, etc., are as a matter of common knowledge attached to the realty and constitute trade fixtures. If so, the search warrant was as to them improperly used; there was an illegal and substantial overstepping of the authority which it gave, and it should be quashed. Mellet & Nighter Brewing Co., Inc., v. U. S. (D. C.) 296 F. 765; U. S. v. 2,615 Barrels of Beer (D. C.) 1 F.(2d) 500; In re Crescent Beverage Co. (D. C.) 297 F. 1009.

[3] As to the beer in the tanks and the loose personal property, e. g., barrels, which might legally have been taken on such a warrant, the question is whether the illegal scope of the warrant and the illegal way in which it was used, rendered the whole proceeding a trespass ab initio. An officer who enters under a warrant and rightfully seizes certain property, and wrongfully seizes other property, is liable as a trespasser ab initio only as to the property wrongfully seized. Hurley v. U. S. (C. C. A.) 300 F. 75; Wentworth v. Sawyer, 76 Me. 434. Where the illegality was such as to affect the whole proceedings, or all or a large portion of the property seized, the whole transaction will be held invalid. Giles v. U. S., 284 F. 208 (C. C. A. 1st); Murby v. U. S. (C. C. A.) 293 F. 849; Godat v. McCarthy (D. C.) 283 F. 689; Keefe v. Clark (D. C.) 287 F. 372; People v. Diamond, 233 N. Y. 130, 138, 135 N. E. 200.

[4] The defendant contends that this proceeding was in effect the seizure of an entire nearbeer brewery on a search warrant, which is the fact; that it was therefore basically illegal; that everything done was affected by this basic illegality; and that the seizure of the beer was only an incident of a larger illegal transaction, and cannot therefore be separated. On the other hand, the government contends that on the evidence as it stands—it consists only of the officer's affidavit—the brewery sold a truck load of strong beer; that from such sale it may fairly be inferred that the brewery's possession of strong beer was for the purpose of sale in that form, and was therefore illegal; that, this being so, there was plainly a right to seize it, regardless of surroundings, under the National Prohibition Act; that this right was not defeated by the illegal attempt to seize the real estate and fixtures of the brewery; that the latter may be illegal action, imposing liability upon the officer, but does not invalidate what was legally done. The matter is by no means free from doubt; but in view of Hurley v. U. S., ubi supra, on the evidence as it now stands, it seems to me that the officer's act may be separated, and the seizure of the beer upheld.

[5] As to the libel for forfeiture: Such a proceeding is applicable only to things which can be taken into the custody of the marshal and removed. It is not applicable to articles which form part of the realty, like fixtures. There was no right to commandeer the claimant's building for storage. The articles described in the warrant and monition, so far as they are fixtures, are not properly proceeded against in this suit. As to them the libel cannot be maintained. As to the beer and such movable articles as were used in connection with the illegal possession or sale of strong beer, the libel states a case. There may be an issue of fact as to the illegality of their possession or use. What constitutes fixtures is, as I have said, to some extent, at least, a question of fact. It is doubtful whether it can be ruled strictly as a matter of law that any of the articles specified in the inventory are beyond the scope of a libel. Such questions are more properly dealt with on exceptions to the libel, where evidence may be taken. The other grounds stated in the motion to dismiss seem to me not to be well founded, nor to require discussion. The entries will be:

Motion to dismiss overruled, and case to stand for further hearing in accordance with this memorandum on motions to quash search warrant and suppress evidence.