UNITED STATES v. 63,250 GALLONS OF BEER, etc.

(District Court, D. Massachusetts. April 28, 1926.)

No. 3307.

1. Searches and seizures ⬤⇒3.

Search warrant held to have described property with particularity demanded under Const. Amend. 4, and Espionage Act, tit. 11, § 3 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼c).

2. Intoxicating liquors ⬤⇒246.

Prohibition Act; tit. 2, § 25 (Comp. St. Ann. Supp. 1923, § 10138½m), confers no authority

on prohibition officers to seize property affixed to real estate under warrant issued pursuant to Espionage Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼a et seq.).

3. Intoxicating liquors ⬤⇒246—Searches and seizures ⬤⇒3—Search warrant, directing seizure of property affixed to real estate, must be held invalid as directing executing officer to make illegal seizure (Prohibition Act, tit. 2, § 25 [Comp. St. Ann. Supp. 1923, § 10138½m]; Espionage Act tit. 11, § 2 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼b]).

Under Espionage Act, tit. 11, § 2 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼b), and Prohibition Act, tit. 2, § 25 (Comp. St. Ann. Supp. 1923, § 10138½m), search warrant, directing seizure of property affixed to real estate, must be regarded as invalid, since it directs executing officer to make an illegal seizure.

4. Searches and seizures ⬤⇒3.

Search warrant must be valid when issued, and validity does not depend on manner of its execution.

5. Searches and seizures ⬤⇒3.

Where search warrant expressly authorized and commanded an unlawful seizure, the whole seizure will be declared void, and search warrant quashed.

6. Intoxicating liquors ⬤⇒249—Officer executing search warrant has no right to commandeer claimant's building for storage of property seized, and may remain only so long as is reasonably necessary to complete search and remove property (National Prohibition Act, tit. 2, §§ 21, 22 [Comp. St. Ann. Supp. 1923, §§ 10138½jj, 10138½k]).

Officer executing search warrant has no right to commandeer claimant's building for storage of articles seized, and his right to enter under warrant carries with it right to remain on premises only so long as is reasonably necessary to complete search and remove property, particularly since National Prohibition Act, tit. 2, §§ 21, 22 (Comp. St. Ann. Supp. 1923, §§ 10138½jj, 10138½k), provides means for enforcement officers to abate unlawful use of property for manufacture of liquor.

7. Intoxicating liquors ⬤⇒249—Federal prohibition agent, acting under valid warrant, may enter premises and seize liquors unlawfully possessed and personal property designed for manufacture, provided property is duly described and capable of being moved within reasonable time (Prohibition Act, tit. 2, § 25 [Comp. St. Ann. Supp. 1923, § 10138½m]).

Federal prohibition agent, under Prohibition Act, tit. 2, § 25 (Comp. St. Ann. Supp. 1923, § 10138½m), may lawfully enter on premises described in warrant, and search for and seize liquors unlawfully possessed, and personal property designed for manufacture of liquor intended for use in violating Prohibition Act, provided property is duly described in warrant and capable of being removed within reasonable time.

**8. Intoxicating liquors ⬅➡255—Property taken on invalid search warrant and held under forfeiture proceedings should not be ordered returned, unless libel is dismissed, although search warrant was quashed.**

Return of intoxicating liquors and other property taken under invalid search warrant and held under forfeiture proceedings should not be ordered, unless libel is dismissed, even though motion to quash search warrant was granted.

At Law. Libel by the United States against 63,250 gallons of beer, etc. On motion of the Mt. Tom Corporation that search warrant and all proceedings thereunder be quashed, and the property seized be returned to claimant. Motion to quash granted, and motion for return of the property denied without prejudice.

Harold P. Williams, U. S. Atty., and Bennett Sanderson, Asst. U. S. Atty., both of Boston, Mass.

David H. Keedy, of Springfield, Mass., for Mt. Tom Corporation.

BREWSTER, District Judge. The government has brought proceedings for the forfeiture of intoxicating liquor and property designed for the manufacture of such liquor contained in the brewery plant of the Mt. Tom Corporation, located in Chicopee, in this district. The libel alleges that on December 19, 1925, the federal prohibition administrator for the state of Massachusetts seized, upon the premises of the Mt. Tom Corporation, the items of intoxicating liquors, containers, utensils, and property more particularly set forth in the schedule annexed to the libel. In this schedule are included engines, boilers, pumps, and other machinery which the government admits are so affixed to the real estate as to constitute what is known in the law as fixtures, and thus a part of the realty.

The Mt. Tom Corporation had a permit to manufacture beer by the so-called "dealcoholizing" process, which permitted it to manufacture beer containing more than one-half of 1 per cent. of alcohol by volume, and thereafter, and before sale, to reduce the alcoholic content to the limit prescribed by law. This permit did not expire until December 31, 1925. During the previous September steps were taken by the prohibition director looking to a revocation of the permit, and hearings were held, but never completed. The permit was never revoked but allowed to expire by its own limitation. On December 18, 1925, a search warrant was issued by the United States commissioner, by virtue of

which a seizure was made on December 19, as alleged in the libel. The entire brewery plant was seized. The prohibition agent, named in the search warrant, remained on the premises during the day, and when he left guards were put in possession, and this possession was maintained until December 24, 1925, when possession was taken over by a deputy marshal, acting under a warrant and monition issued December 22 on the libel above mentioned. The property seized has remained in the possession of the deputy marshal, or his representatives, up to the present time. None of it has been removed from the premises where the seizure was made.

The Mt. Tom Corporation has filed a motion that the search warrant and all proceedings thereunder be quashed, and that the property seized and now held be returned to the claimant. It has also filed its claim and answer to the libel, praying that the libel be dismissed and property returned to the claimant.

The proceeding is before the court at the present time only on the claimant's motion to quash and for a return of the property seized. The validity of the seizure on the warrant is attacked on several grounds, which may be briefly stated in two propositions:

First, that the warrant on which the seizure was made is on its face invalid.

Second, that the execution of the warrant was wholly unlawful, in that (a) the officer executing the warrant exceeded his authority in seizing fixtures; and (b) that his seizure of movable personal property not classed as fixtures was illegal, for the reason that he did not remove, or make any attempt to remove, any of said property from the premises of the corporation, but elected to impound it on the premises.

I will first dispose of the less important objections made to the search warrant. It is urged that the warrant was issued upon insufficient affidavits. While some of the facts recited were remote as to time, and other facts were obviously not within the personal knowledge of the affiant, still enough is shown in the five affidavits submitted to the commissioner to justify him in finding that probable cause which the Espionage Act requires before a search warrant may issue. Act June 15, 1917, tit. 11, §§ 3-6, 40 Stat. 228 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 10496¼c–10496¼f); Steele v. U. S., 267 U. S. 498, 45 S. Ct. 414, 69 L. Ed. 757; Dumbra v. U S., 268 U. S. 435, 45 S. Ct. 546, 69 L. Ed. 1032.

[1] The objection is also made that the property to be searched for and seized was not described in the search warrant with that degree of particularity which the Constitution of the United States and the provisions of the Espionage Act demand. Article 4 of Amendments; section 3, Act June 15, 1917. I think the warrant meets all requirements of the law in this respect. Steele v. U. S., supra.

[2] The validity of the warrant is challenged upon other grounds, however, which are not so easily disposed of, because they present a fundamental question which may be thus stated: Is a warrant which directs the officer to search and seize property which is so affixed to the real estate as to become, in contemplation of law, a part of the realty, or, in other words, a fixture, a valid warrant?

In order to properly present a consideration of this question, it is necessary to recite more in detail the language employed in the search warrant. The warrant authorized and commanded the prohibition agents to seize and secure certain property located in a four-story brick brewery building on premises of the Mt. Tom Corporation, which property was more particularly described in said warrant as follows:

"Intoxicating liquor and containers therefor, and certain property and articles designed to be used and used in the unlawful manufacture of intoxicating liquor, to wit, kettles, vats, tanks, pipes, washer, refrigerating machine, racking, and other apparatus and machinery usually found in breweries, and including dynamos, pumps, hose, pipe, engines, and boilers, and a quantity of mash, malt, hops, syrup, sugar and yeast."

It was conceded at the hearing that this description of the property to be seized was broad enough to include, and did actually include, property affixed to the real estate, which would be in law and in fact regarded as "fixtures" and a part of the realty. In this case, therefore, we have presented squarely for the first time in this circuit the question whether a warrant which directs and commands the officer to seize fixtures, such as machinery, engines, and other like property, is wholly bad.

If authority to seize such property on a search warrant is to be found, it must be found in the provisions of the Espionage Act or in section 25 of the Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½m). Beyond any doubt section 2 of the Espionage Act (Comp. St. 1918, Comp. St. Ann. Supp.

1919, § 10496¼b) contemplates searches and seizures of movable personal property only. It is argued by the government that all property designed for the manufacture of liquor intended for use in violation of the act, or which has been so used, is outlawed by section 25, and that therefore a right exists in the government to seize for forfeiture any such property, though it is affixed to the real estate, so as to become a part of it. This suggestion seems to have slight support in other jurisdictions. See U. S. v. Auto City Brewing Co. (D. C.) 5 F.(2d) 362; Daeufer-Lieberman Brewing Co., Inc., v. U. S. (C. C. A.) 8 F(2d) 1. But this contention cannot be sustained without doing violence to an opinion handed down in this district in the case of U. S. v. Nine 200-Barrel Tanks (D. C.) 6 F.(2d) 401, where Judge Morton clearly states that:

"Section 25 of the National Prohibition Act is to be read in connection with the Espionage Act, which it incorporates. It relates to property which is movable, and can be disposed of as movable property by destruction or return, and which could be made the subject of replevin proceedings. Real estate and things annexed to real estate are not within its purview, but are to be dealt with under section 22 of that act, in connection with the use of the premises."

The same conclusion has been reached in other jurisdictions. See Mellet & Nichter Brewing Co. v. U. S. (D. C.) 296 F. 765; U. S. v. American Brewing Co. (D. C.) 296 F. 772–777.

Running throughout the entire opinion in the case of U. S. v. Nine 200-Barrel Tanks, supra, is the belief that section 25 confers no authority upon prohibition officers to seize property affixed to the real estate. I fully concur in this limitation upon the powers of the officer. The warrant is issued pursuant to the provisions of the Espionage Act. Giles v. U. S. (C. C. A.) 284 F. 208. If its provisions are extended by section 25, so as to authorize the seizure of property that cannot be removed, the result would be to render nugatory the provisions of the earlier act, which relate to removal and return of property seized. There is nothing in that act which furnishes the slightest indication that Congress contemplated the seizure of immovable property on a search warrant. We are dealing with legislation which affects the rights of the individual secured by the Fourth Amendment to the Constitution, and the scope of such legislation should not be extended by judicial construction. The mere

fact that Congress has seen fit in the Prohibition Act to declare as contraband all property designed for the manufacture of liquor intended for use in violation of the act, or which has been so used, is not sufficient to warrant the court in extending the right of seizure on search warrant to such contraband property, if it is of such nature that it cannot be removed and taken in a manner compatible with the requirements of the Espionage Act. For these reasons I am quite prepared to reaffirm the earlier statement of Judge Morton to the effect that section 25 does not relate to fixtures.

Referring to section 25, Judge Anderson, in Giles v. U. S., supra, stated:

"The main purpose of this section is to put intoxicating liquor, illegally possessed, and property designed for unlawful manufacture thereof, into the same category as gambling implements, counterfeit money, obscene literature, and other forms of outlawed articles. Search warrants are an appropriate and long-used means of governmental seizure for destruction of such outlawed articles."

But I can find nothing in the origin or history of this process to indicate that search warrants were ever regarded as an appropriate means of governmental seizure of real estate, nor do I believe Congress, in enacting section 25, intended to give to the search warrant a new function, or to render it an appropriate means of governmental seizure of such property.

[3, 4] The warrant, therefore, on its face, directs the executing officer to make an illegal seizure. Such a warrant must be regarded as invalid, because of the unlawful directions. Leonard v. U. S. (C. C. A.) 6 F. (2d) 353. The validity of the warrant can never depend upon the manner of its execution. It must be valid when issued. It is not valid, if issued for illegal purposes.

[5] If the warrant had commanded the officers to seize only such property as might lawfully have been seized on search warrants, and the officer had exceeded his authority, and had seized property which he had no right to seize, then probably the doctrine of Hurley v. U. S. (C. C. A.) 300 F. 75, should be applied, and the execution of the warrant, if otherwise lawful, would be upheld as to the property rightfully seized, and set aside as to that wrongfully seized. But a different situation is presented by the case at bar. The warrant by its own terms expressly authorized and commanded an unlawful seizure. In such a case I take it the whole seizure

should be declared void, and the search warrant quashed.

I do not think this result is in real conflict with U. S. v. Nine 200-Barrel Tanks, supra, because in that case the court did not deny the motion to quash the warrant but merely left the motion open for further evidence upon the nature of the property seized. But if it should be thought that there was an apparent conflict between this decision and that in U. S. v. Nine 200-Barrel Tanks, supra, I will add that I have considered this opinion with Judge Morton, and I am permitted to state that he is in accord with my conclusion that the search warrant in this case should be quashed.

This conclusion would render it unnecessary to consider the objections raised to the execution of the warrant, but, as these objections raise interesting questions of procedure under a valid search warrant, it may be helpful if some consideration is given to these objections.

[6] I think it may be said in this case, as was stated in U. S. v. American Brewing Co., supra, that there is manifest in the language of the application for the warrant, as well as in the warrant itself, and in the manner of its execution, "a total misconception of what a search warrant is, and its functions." It is not a writ in the nature of an attachment, directing a levy to be made upon the property found, entitling the officer to place keepers in charge of it on the premises searched. To reiterate what has already been well said in this court, the officer has no right to commandeer the claimant's building for storage. Such a method of executing the warrant is neither a compliance with the provisions of the statute nor the mandates of the warrant. Undoubtedly the officer's right to enter under the warrant carries with it the right to remain on the premises to be searched so long as it is reasonably necessary to complete the search and to remove the property which he is authorized to seize. His continued presence after such reasonable time is without warrant of law. U. S. v. American Brewing Co., supra. The fact that the removal of the property cannot be effected without expense and labor cannot operate to enlarge the rights of the federal prohibition agent acting under a search warrant. Practical difficulties of this kind can never justify an abuse of the process of search and seizure, and such abuse appears less justifiable when it is remembered that the Prohibition Act does not leave the enforcement officers powerless to abate the unlawful use of property designed for the manufacture of

liquor. By the act all premises where intoxicating liquor is manufactured in violation of the act, and all property kept and used in maintaining the same, are declared to be a common nuisance, and such nuisance may be enjoined by proper proceeding. Sections 21 and 22, National Prohibition Act (Comp. St. Ann. Supp. 1923, §§ 10138½jj, 10138½k).

The authority of prohibition enforcement officers respecting seizures of brewery plants has engaged the attention of the courts in other jurisdictions. It is not easy to reconcile the views expressed in opinions handed down by the different judges, in both the trial courts and in the courts of appeal. The result is that officials charged with the duty of enforcing the National Prohibition Act doubtless find it difficult to mark the line which bounds their field of legitimate endeavors as enforcement agents. This much needs to be said, in justice to those who advised and conducted the seizure in question.

I think pitfalls may be avoided in the future if federal agents would be guided by the following simple rule of conduct in seizing under section 25, especially where a manufacturing plant is involved. The rule is this: [7] A federal prohibition agent, acting under a valid warrant, may lawfully enter upon the premises described in the warrant, and search and seize liquors unlawfully possessed, or personal property designed for the manufacture, or liquor intended for use in violating the federal Prohibition Act, or which has been so used, provided such property is duly described in the warrant, and is capable of being moved from the premises where found, and is so moved within a reasonable time, and brought constructively, at least, before the court.

This rule, I believe, gives full effect to the purpose and intent of pertinent legislation, and does not impair the efficiency of search warrant as a process for the accomplishment of the objects manifestly intended by those who enacted the legislation.

[8] As above indicated, I have only considered the claimant's motion to quash the search warrant. In this motion the Mt. Tom Corporation has asked for a return of the property, which is now in the custody of a deputy marshal, who is holding under a warrant and monition issued upon the libel. To order a return of this property would, in effect, amount to an adjudication that the libel could not be maintained. If the forfeiture proceedings are predicated wholly upon section 25 of the Prohibition Act, it would seem

that the right of the court to dispose of the property is confined to the property seized on a search warrant. Moreover, on general principles, it may follow as a necessary consequence of the illegality of the seizure by the prohibition agents that the libel must be dismissed. See Daeufer-Lieberman Brewing Co., Inc., v. U S., supra; The Underwriter (D. C.) 6 F.(2d) 937. But the motion to dismiss the libel was not argued, and this question is reserved for future consideration. Unless and until the libel is dismissed, a return of the property held under the forfeiture proceedings should not be ordered.

Motion to quash the search warrant is therefore granted, and the motion for a return of the property is denied, without prejudice to the rights of the claimant to renew such motion in forfeiture proceedings.