UNITED STATES v. 8765 BARRELS OF BEER, Etc.

District Court, S. D. New York.

July 18, 1930.

Leonard Bronner, Jr., Asst. U. S. Atty., and William L. Taggart, Sp. Asst. U. S. Atty., both of New York City, for libelant.

Paskus, Gordon & Hyman and Sanford H. Cohen, all of New York City, for respondent.

PATTERSON, District Judge.

I shall dismiss the libel as to those articles which beyond all doubt were integral parts of the realty. In my opinion, section 25 of title 2 of the National Prohibition Act (27 USCA § 39) does not provide for destruction of buildings or parts of buildings, even though the buildings or portions thereof may be designed for the manufacture of liquor. The section, read as a whole, seems to cover movable chattels only—property capable of being seized and brought before the court on search warrant.

This view, it seems to me, is reinforced by a consideration of the act as a whole. Sections 22 and 23 of title 2 (27 USCA §§ 34–37) furnish the United States with a weapon against buildings wherein a liquor nuisance is maintained, by way of a suit in equity which may result in closing the premises for one year after final judgment. It cannot be said, therefore, that buildings or portions thereof, if not subject to destruction under section 25, cannot be reached in any fashion.

I think that support for this construction of section 25 is found also by analogy to the older statutes declaring forfeitures for

infractions of revenue laws. The majority of these statutes provide only for forfeiture of personal property connected with the illicit manufacture or use. Others go further and specifically mention real estate, but provide that only such interests in real estate as belong to guilty persons are to be forfeited. Even section 3305, Rev. St. (26 USCA § 316), which on its face is perhaps the most drastic, calling for absolute forfeiture of the distillery and of the real estate on which it is situated in cases where distillers have made false entries in their books, has been held to warrant forfeiture merely of the guilty person's interest in the real estate. United States v. Stowell, 133 U. S. 1, 10 S. Ct. 244, 33 L. Ed. 555. In this case the Supreme Court also held that boilers set in brick, pumps, and similar articles, used as part of a lawful brewery and also utilized for the operation of an illicit distillery in the same building, were to be regarded as real estate rather than as apparatus, and that consequently the interest of an innocent lienor in such equipment was not subject to forfeiture.

There seem to be no decisions in this district upon this point. The District Court of Rhode Island has held that section 25 does not cover brewing equipment where such equipment forms part of the realty and that a libel of forfeiture as to such equipment cannot be maintained. This is a case squarely in point. United States v. Nine 200-Barrel Tanks, 6 F.(2d) 401. The District Court of Massachusetts has, by dictum at least, made a similar ruling. United States v. 63,-250 Gallons, 13 F.(2d) 242. The same result was reached in a case in the District Court of New Jersey, though apparently on different reasoning, a case where the facts as to permit, property, lease, and attempted seizure seem indistinguishable from those in the instant case. United States v. 3,510 Barrels of Beer, 3 F.(2d) 499. An authority taking a contrary view of section 25 is United States v. Auto City Brewing Co., 5 F.(2d) 362, decided by the District Court of Michigan, although how thoroughly the brewing equipment was incorporated into the building in that case does not appear. That case was a suit in equity under sections 22 and 23, rather than a libel under section 25, but presumably there is no importance in this procedural distinction.

Here the undisputed testimony shows that a considerable part of the equipment sought to be forfeited was as thoroughly a part of the realty as the bricks and cement forming the walls of the building. If these portions of the building are subject to destruction under section 25, then the entire brewery building is likewise liable to destruction, for it also was especially designed and fashioned for the manufacture of liquor. The proof offered by the government, as well as that offered by the claimant, showed that for the most part these articles were either built firmly into the structure as part of it or were set into the floors or walls by bolts or concrete. Many of them cannot be removed without demolishing a considerable part of the walls. This is not a case of trade fixtures or of apparatus readily detachable from a building, but is a case of articles built into the structure at a time when their use in manufacturing beer was entirely lawful.

The claimant of these articles moved to dismiss the libel as to them at the close of the entire case, on the ground that they formed part of the real estate and were therefore not subject to forfeiture under section 25. I denied that motion. I am now convinced that the motion should have been granted as to all the equipment which was shown without dispute to be part of the realty. I therefore will sign a decree providing for the forfeiture and destruction of the beer and of the movable chattels seized, and dismissing the libel as to the balance of the equipment. Costs, including the expense of guarding the property, will be awarded to the United States against claimant Kips Bay Brewing Company. There will be no costs between the United States and claimant Patrick Holding Corporation.