**DAEUFER–LIEBERMAN BREWING CO., Inc., v. UNITED STATES.**

(Circuit Court of Appeals, Third Circuit. June 27, 1925. Rehearing Denied. September 18, 1925.)

No. 3268.

**1. Intoxicating liquors ☞248—Search warrant held based on sufficient evidence of probable cause.**

Affidavit of prohibition agent, showing that all samples of beer taken by him from barrels on premises of brewing company while operating under permit had more than one-half of 1 per cent. alcohol was sufficient evidence of probable cause for issuance of search warrant.

**2. Intoxicating liquors ☞247—Brewery permit does not protect from search.**

Permit under which brewery was operating did not protect it from search under valid search warrant.

**3. Intoxicating liquors ☞249, 250—Search warrant may be addressed to, and executed by prohibition agent; "civil officer."**

Warrant for search of brewery is valid, though addressed to and executed by a prohibition agent; such an agent being a civil "officer" within Const. art. 2, § 2, and provision of Espionage Act incorporated in National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), providing for enforcement of prohibition law by civil officers.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Civil Officer.]

**4. Intoxicating liquors ☞246—Claim of unlawful seizure because of prior seizure by state officers held not available as defense to libel by United States.**

Claim of seizure of liquor by federal officers being unlawful, because made of property already seized by state officials and therefore in custodia legis, is not available as defense to libel of the liquor by the United States; state officers, who made first seizure, having voluntarily surrendered the property to federal officers, and it having been entirely out of possession of state officers when libel was filed.

8 F.(2d)—1

**5. Intoxicating liquors ☞250—Libel to enforce forfeitures available, though not specifically prescribed by National Prohibition Act.**

Though National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) does not specifically prescribe that its provisions in respect to forfeitures shall be enforced by libel, such proceeding, having long been used to enforce federal statutes where property is sought to be forfeited or destroyed, and being available and appropriate, is valid.

**6. Intoxicating liquors ☞246—Utensils used and intended to be used in violation of act properly forfeited.**

Under National Prohibition Act, tit. 2, § 25 (Comp. St. Ann. Supp. 1923, § 10138½m), machinery and utensils of a brewery, if used or intended to be used in violation of the act, questions of fact, are properly included in decree of forfeiture, and ordered to be destroyed.

**7. Intoxicating liquors ☞250—Libel not sustained by possession under unlawful seizure.**

Seizure of liquors and utensils as used or intended to be used in violation of National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), being in an illegal way, so that the government's possession was unlawful, such possession cannot sustain a libel for forfeiture and destruction of the property.

On Petition for Rehearing.

**8. Intoxicating liquors ☞250—Government's unlawful possession when filing libel for forfeiture not aided by subsequent attachment.**

Government's unlawful possession of liquor and utensils, when it filed libel for their forfeiture and destruction, was not made lawful as of that time, so as to sustain the libel by subsequent attachment of the property.

Appeal from the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

Libel by the United States against 2,719 barrels, more or less, of beer, etc., claimed by the Daeufer-Lieberman Brewing Company, Inc. There was a decree of forfei-

ture and for destruction of the property, and claimant appeals. Reversed.

See, also, 1 F.(2d) 500, 1001.

John W. Crolly and Benjamin M. Golder, both of Philadelphia, Pa., for appellant.

George W. Coles, U. S. Atty., and Francis B. Biddle, Asst. U. S. Atty., both of Philadelphia, Pa.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and MORRIS, District Judge.

WOOLLEY, Circuit Judge. The Daeufer-Lieberman Brewing Company held a permit from the Bureau of Internal Revenue to operate a brewery in the city of Allentown, Pa. While it was operating under the permit, Gough, a prohibition agent, together with another agent, took samples of beer from barrels on the premises of the brewing company. State Policeman Austin and other state officers made purchases of beer at the brewery. All the samples had an alcoholic content of more than one-half of 1 per cent. by volume. These facts were shown in affidavits made by Gough and Austin, and a state search warrant was issued to the captain of the Pennsylvania state police on affidavit made by one Stout, alleging probable cause. Thereupon the state police seized the brewery as though by execution process. A federal search warrant was then issued to Connelly, general prohibition agent, on an affidavit by Gough, setting forth the nature of the samples taken from the brewery. Under this warrant a like seizure of the property was made. The state police then withdrew and delivered possession to the federal agents. Immediately afterward the United States filed a libel covering the beer, raw materials, and machinery of the brewery. The libel, issuing under section 25, tit. 2, of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½m), and under sections 3340 and 3353 of the Revised Statutes (Comp. St. §§ 6146, 6160), alleged unlawful possession by the respondent of the property described therein, and that the beer was intended for unlawful sale, and the machinery was intended for the manufacture of beer to be sold unlawfully. Motions to dismiss the libel and quash the federal search warrant were denied. The court, however, set aside the return of the search warrant as showing an illegal service and execution, and ordered that the seized property be given back to the brewery upon its filing a bond conditioned upon the return of the property to the marshal in the event of judgment against it in the libel proceedings. Thereupon the brewing company gave a bond and regained its property. On issue joined, the case was tried to the court without a jury. The court, by its decree, found that the property described therein was designed for the manufacture of liquor intended for use in violation of title 2 of the National Prohibition Act, and ordered the marshal to destroy it. The respondent appealed, and has raised several questions of little merit, which we shall dispose of briefly before coming to one of serious concern.

[1,2] The first question is whether the court erred in refusing the respondent's motion to quash the federal search warrant, urged on the ground that the warrant was invalid because based on insufficient evidence of probable cause. We think the evidence was sufficient, and hold that the permit under which the brewing company was operating did not protect it from search under a valid search warrant. Lipschutz v. Quigley (D. C.) 287 F. 395.

[3] The next question is raised on the respondent's contention that the search warrant was invalid because it was addressed to, and executed by, a prohibition agent, and that a prohibition agent is not a civil "officer" within the meaning of article 2, § 2, of the Constitution of the United States and of the provision of the Espionage Act (40 Stat. 217), incorporated in the Prohibition Act providing for the enforcement of prohibition laws by "civil officers." This question is resolved against the respondent on the ruling by this court in Altshuler v. United States (C. C. A.) 3 F. (2d) 791.

[4] The third assignment of error charges that the seizure was unlawful because made of property already seized by state officials and therefore in custodia legis. A question of this kind might arise in a conflict between state and federal officials; but in this case there was no such conflict. While state officers made the first seizure, they voluntarily surrendered the seized property to federal officers, and it was entirely out of the possession of the state officers when the libel was filed.

The fourth assignment of error was not argued, being in substance the same as the fifth, which we shall consider last.

The sixth assignment charges error to the court in admitting testimony of alleged illegal sales prior to the times averred in the libel. For the reasons which the learned trial judge indicated, we find no error here.

[5] The seventh assignment relates to the proceeding by libel, followed in this and like cases, and charges that the proceeding is invalid because the National Prohibition Act does not provide for it. True, section 25 of the National Prohibition Act does not specifically prescribe that its provisions in respect to forfeitures shall be enforced by libel proceedings. Yet such proceedings have long been used to enforce federal statutes where property is sought to be forfeited or destroyed. The fact that the National Prohibition Act does not prescribe the proceeding by which to do the thing which the act requires shall be done does not invalidate the proceeding by libel when that proceeding is available and appropriate to reach and dispose of the offending res.

[6] The eighth assignment charges error to the court for including in its decree the forfeiture of various properties as to, which it alleges there was no evidence of improper or unlawful use, having reference particularly to the machinery and utensils of the brewery. The question raised by this assignment is answered by section 25 of the National Prohibition Act, which provides that property used or intended to be used in violation of the act shall be destroyed. The question whether the property here condemned was designed for such use was a question of fact, in the review of which we have found nothing which persuades us that the court was wrong.

[7] Lastly, the question raised by the fifth assignment, as stated by the respondent in the questions involved, is in these words: "Whether the libel proceeding can be sustained in view of the fact that it was based upon seizure made under a search warrant, return to which search warrant was afterwards set aside by the District Court of the United States."

This question is not satisfactorily stated. As we understand it, it means that: Having found the execution of the search warrant unlawful, did the court have such possession of the property as would give it jurisdiction of a case involving its forfeiture?

What the court did, shortly stated, was this: It dismissed the motion to quash the search warrant; therefore the search warrant stands. It granted the motion to set aside the service and execution of the warrant. Thus it held that the manner in which the warrant was executed was improper and unlawful and the seizure therefore void. It denied the motion to dismiss the libel; therefore the libel stands. After the filing of the libel, the court issued attachments for the property. These attachments were not served, we understand, because before the property could be attached it was released on the brewing company giving bond for its return and submission to any order the court might make.

The court sustained the libel on the ground that the defect in the service of the valid search warrant cannot prevent the government from libeling liquor illegally possessed by the respondent, that questions raised on the issuance and execution of a search warrant have nothing to do with the libel, and that the possession of the property, being complete in the national government by transfer from officers of the state government before the libel was filed, that possession sustained the libel proceeding subsequently instituted.

The basic principle of law, as stated by the government, on which this and similar libel proceedings stand, is: "A seizure of the res must precede a libel for its forfeiture. Jurisdiction is acquired by the seizure itself. * * * That (says the government) is exactly what happened in this case. The government seized the property and then libeled it." The government did seize the brewery on a valid search warrant, but, according to the decision of the trial court, which was entirely sound, it seized it in an unlawful way. Instead of returning the property so unlawfully seized to its owner, the government retained it, and on its possession, thus acquired and retained, it asserts that it has the antecedent possession requisite to a valid proceeding by libel. Further narrowed, the question is whether possession by the government, unlawfully acquired, will sustain libel proceedings.

In addressing ourselves to this question, we have not confused the function of a search warrant with the function of a libel (In re Kupferberg [D. C.] 284 F. 914, Mellet & Nichter Brewing Co., Inc., v. United States [D. C.] 296 F. 765), in respect to which counsel have cautioned us. The difference is clear. Nor have we confused unlawful possession of property by the government with unlawful possession by the respondent. One is a jurisdictional matter; the other a violation of substantive law.

Proceedings by libel, like those in question, are proceedings in rem. As early as the case of The Brig Ann, 9 Cranch. 289, 3 L. Ed. 734, the Supreme Court, speaking through Mr. Justice Story, held that, "in order to institute and perfect proceedings

in rem, it is necessary that the thing should be actually or constructively within the reach of the court. * * * It follows * * * that, before judicial cognizance can attach upon a forfeiture in rem, under the statute, there must be a seizure; for until seizure, it is impossible to ascertain what is the competent forum. And, if so, it must be a good subsisting seizure at the time when the libel or information is filed and allowed." Therefore, "where property is seized and libeled, as forfeited to the government," the same court said, in Gelston v. Hoyt, 3 Wheat. 246, 4 L. Ed. 381, "the sole object of the suit is to ascertain whether the seizure be rightful, and the forfeiture incurred or not." See Dobbins Distillery v. United States, 96 U. S. 395, 396, 24 L. Ed. 637.

In the case at bar, the learned trial court held that the seizure was not "rightful." Accordingly, it vacated the return of the warrant under which the seizure was made. It therefore decided adversely to the government one of the two issues raised and to be tried by a libel in rem; that is, it decided the issue, rightful seizure, which, technically and necessarily, precedes the decision of the other—whether a forfeiture was incurred.

As it appears on the record of this case that the seizure of the respondent's property was unlawful, it follows that the government's possession was unlawful, and that its unlawful possession of the property cannot validly sustain a proceeding instituted for its forfeiture and destruction.

On this ground alone we are constrained to reverse the decree of the District Court.

### On Petition for Rehearing.

PER CURIAM. [8] The United States, by its petition for rehearing, has called our attention to what is without doubt a misstatement of fact in the aforegoing opinion. Addressing ourselves to the character of the government's possession of the property which first it seized and then libeled, we said: "After the filing of the libel, the court issued attachments for the property." That was right. Continuing, we said: "These attachments were not served, we understand, because before the property could be attached it was released on the brewing company giving bond for its return and submission to any order the court might make." That was wrong, for the record shows that the libel was filed in November, that the attachments issued and were returned in December, and that the defendant's property bond was given in February. Even so, this difference in the facts in no sense affects our conclusion, based, as it was, upon the unlawful character of the government's possession of the res at the time it filed the libel. Attachment following the libel did not confer upon the government the antecedent possession of the res which was requisite to instituting and maintaining the libel proceeding. Nor did the attachment after libel cure the government's unlawful possession acquired before libel by the unlawful execution of the federal search warrant. Possession of the res as affecting the jurisdiction of the court in the libel proceeding was the possession which the government had when it filed the libel. Concededly, that possession was unlawful. Yet the government, by the libel, sought the forfeiture of property it had unlawfully seized and then unlawfully held. The point of our decision is, under authority of The Brig Ann, Gelston v. Hoyt, and Dobbins Distillery v. United States, supra, that cannot be done.

The petition is denied.