### BROCK v. UNITED STATES.

### SAMUEL v. SAME.

(Circuit Court of Appeals, Eighth Circuit. April 19, 1926.)

Nos. 7053, 7054.

1. **Intoxicating liquors** ⊜⇒249—Officer, to make search or seizure without warrant in store, dwelling, or like structure, must have personal knowledge through one or more of five senses that persons suspected are committing misdemeanor in his presence.

To justify search and seizure without warrant in store, dwelling, or like structure, in attempt to enforce Prohibition or Anti-Narcotic Acts, officer must have direct personal knowledge through one or more of his five senses of sight, hearing, smell, taste, or touch that persons suspected are committing suspected misdemeanor in his presence.

2. **Criminal law** ⊜⇒308.

Legal presumption is that drug store owner, having lawful permit to sell whisky, was innocent of unlawful sale or possession thereof.

3. **Searches and seizures** ⊜⇒7—Search and seizure of whisky in drug store having government permit, without evidence other than having sent woman to make purchase, held unreasonable and violative of federal Constitution (Const. Amend. 4).

Search and seizure, without warrant, by government prohibition officers, of one pint of whisky in drug store having government permit to sell liquor, without evidence of unlawful sale or possession of other than having sent a woman into store to make purchase of whisky during owner's absence, held unreasonable and violative of Const. Amend. 4.

4. **Searches and seizures** ⊜⇒5—Drug store owner held entitled to return of property taken from him in illegal search by government officials without warrant, in absence of other evidence that property was contraband or unlawfully possessed.

Drug store owner, whose store was illegally searched by government officers without warrant, held entitled to return of property taken from him under such unlawful search and seizure, where there was no other evidence except that obtained by the illegal search that property so taken was contraband or unlawfully possessed.

5. **Intoxicating liquors** ⊜⇒238(5)—Conflicting evidence whether drug store clerk admitted to officers making illegal search that he sold pint of whisky presented question for jury as to unlawful sale.

Where evidence was conflicting as to whether drug store clerk had admitted to officers at time they made search without warrant that he had sold pint of whisky, such issue presented question for jury on question of unlawful sale.

In Error to the District Court of the United States for the Western District of Missouri; Albert L. Reeves, Judge.

Newton Guy Brock and Ray Samuel were convicted of unlawful possession and sale of whisky for beverage purposes and unlawfully maintaining a common nuisance, and they separately bring error. Reversed and remanded, with directions, as to first-named defendant, and affirmed in part and in part reversed and remanded, with directions, as to defendant last named.

Milford W. Rider, of Kansas City, Mo., for plaintiffs in error.

Charles C. Madison, U. S. Atty., and H. L. Donnelly, Asst. U. S. Atty., both of Kansas City, Mo. (S. M. Carmean and C. S. Walden, Asst. U. S. Attys., both of Kansas City, Mo., on the brief), for the United States.

Before SANBORN, Circuit Judge, and MUNGER and JOHNSON, District Judges.

SANBORN, Circuit Judge. The writs of error in this case challenge the legality of the proceedings in the court below, whereby the defendants Brock and Samuel were tried, convicted and sentenced under an information containing three counts against them jointly: (1) For possessing unlawfully at 1213 Baltimore avenue in Kansas City, Mo., on June 2, 1924, one pint of whisky for beverage purposes; (2) for unlawfully selling at the same time and place one pint of whisky for beverage purposes; and (3) for unlawfully maintaining a common nuisance on or about January 1, 1924, at the same place where whisky fit for beverage purposes was stored, kept and sold in violation of title 2 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½ et seq.). The defendants sued out separate writs of error and filed separate assignments of error. The material facts were these:

Mr. Brock owned the drug store at 1213 Baltimore avenue about 2:30 in the afternoon of June 2, 1924, and had owned it for about six months. He had a government permit to sell intoxicating liquors under the National Prohibition Act, and lawfully held in his store a stock of about 14 gallons of permit or prescription whisky. The defendant Samuel was a registered pharmacist and Brock's clerk in the drug store and had been for about six months. Kirk Johnson was Brock's night clerk in the drug store. He was not on duty at this time, but was in the store sitting at a small table in the customer's part of the store on which were small empty glasses such as are sometimes used for Coca-Cola, which the officers said smelled of whisky when they found them, and around this table with Mr. Johnson sat Mr. Hart and two ladies. Mr. Brock was not in the drug store at that time or during any other time during the afternoon of June 2, 1924.

Two prohibition enforcement officers and two anti-narcotic officers of the government gave to a young woman marked bills, instructed her to go into Mr. Brock's drug store and buy whisky, if she could, and, if she succeeded, to give an agreed sign when she came out. She went in, came out, gave the sign, and handed to the officers a pint of whisky. Thereupon these officers without a search warrant entered the store, seized and carried away this property of Mr. Brock: One pint bottle about half full of whisky, regularly prescribed and marked and stamped as required by law, which they found in his overcoat pocket back of the prescription case, about 14 gallons of bonded whisky, lawfully held in stock for sale by him for medicinal purposes, some physician's prescriptions, and his record book 1455 and 1455a of the liquors he had been permitted to sell and those he was permitted to sell for medicinal purposes.

These officers caused the defendant Samuel, who had charge of the cash register, to open it. They searched it, found therein and carried away the marked bills they had given their decoy. They also searched without a warrant Kirk Johnson, found in the pockets of the clothes he was wearing, seized and carried away, five pints of whisky that was not and had never been a part of the permit whisky of Mr. Brock. The facts which have been recited were admitted or conclusively proved. Two of the officers testified that one of them arrested Samuel and Johnson before they seized the property, and Samuel and Johnson testified that no arrests of them were made and no notice of their arrests was given to either of them until after the search and seizure was made. The evidence on this subject has been carefully read, and it has convinced that no arrests were made until after the search and seizure had been made.

Mr. Brock, Mr. Samuel and Mr. Johnson made separate motions before their trials commenced for the return of the property taken from them, respectively, by the search and seizure and for the suppression of the evidence and information secured thereby, and on the trials objected to the introduction of such evidence and information against them. Their motions were denied, and they excepted. Their objections were overruled, and they excepted.

Mr. Brock complains that this search and seizure was unreasonable, violative of the Fourth and Fifth Amendments to the Constitution of the United States, and assigns the rulings which have been recited as errors.

The Fourth Amendment declares that "the right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures, shall not be violated." The Fifth Amendment forbids that any person "shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law."

The Supreme Court has been zealous and relentless in the enforcement of these prohibitions and in preventing their nullification or encroachments upon the rights of person and property they secured. Mr. Justice Clarke, delivering the unanimous opinion of that court in Gouled v. United States, 255 U. S. 298, 304, 41 S. Ct. 261, 263 (65 L. Ed. 647),

said that the effect of its decisions was "that such rights are declared·to be indispensable to the 'full enjoyment of personal security, personal liberty and private property'; that they are to be regarded as of the very essence of constitutional liberty; and that the guaranty of them is as important and as imperative as are the guaranties of the other fundamental rights of the individual citizen—the right to trial by jury, to the writ of habeas corpus and to due process of law. It has been repeatedly decided that these amendments should receive a liberal construction, so as to prevent stealthy encroachment upon or 'gradual depreciation' of the rights secured by them, by imperceptible practice of courts or by well-intentioned but mistakenly over-zealous executive officers."

Counsel for the United States argue that the search and seizure in this case were reasonable and the rulings of the court below right, and they cite in support of their contention, and seem to rely chiefly upon, Lambert v. United States (C. C. A.) 282 F. 413, 417; Elrod v. Moss (C. C. A.) 278 F. 123, 130; Garske v. United States (C. C. A.) 1 F.(2d) 620; Park v. United States (C. C. A.) 294 F. 776, 784; Gouled v. United States, 255 U. S. 298, 310, 312, 41 S. Ct. 261, 65 L. Ed. 647; O'Connor v. United States (D. C.) 281 F. 396; United States v. Borkowski (D. C.) 268 F. 408. We have read the opinions in these cases, and, with one or two exceptions which we cannot follow, they do not in our opinion support the positions of counsel. Lambert v. United States, Elrod v. Moss, and Park v. United States were cases in which intoxicating liquor was seized in and taken by the officers from automobiles and their searches and seizures were sustained under section 26 of title 2 of the National Prohibition Act, 41 Stat. 305, 315 (Comp. St. Ann. Supp. 1923, § 10138½mm), to the effect that "when the commissioner, his assistants, inspectors, or any officer of the law shall discover any person in the act of transporting in violation of the law, intoxicating liquors in any wagon, buggy, automobile, water or air craft, or other vehicle, it shall be his duty to seize any and all intoxicating liquors found therein being transported contrary to law."

In Carroll et al. v. United States, 267 U. S. 132, 149, 45 S. Ct. 280, 283 (69 L. Ed. 543, 39 A. L. R. ·790), the Supreme Court held that under this statute, "if the search and seizure without a warrant are made upon probable cause, that is, upon a belief, reasonably arising out of circumstances known to the seizing officer, that an automobile or other vehicle contains that which by law is subject to seizure and destruction, the search and seizure are valid." That court then proceeded through four pages of the opinion to demonstrate the fact that this ruling, applicable to search and seizure by government officers of automobiles and other moving vehicles transporting contraband liquor, is not the ruling applicable to the search of a store, dwelling house or other structure, or the seizure of articles therein. Closing its discussion of that question, after citing opinions and statutes, that court said:

"We have made a somewhat extended reference to these statutes to show that the guaranty of freedom from unreasonable searches and seizures by the Fourth Amendment has been construed, practically since the beginning of the government, as recognizing a necessary difference between a search of a store, dwelling house or other structure in respect of which a proper official warrant readily may be obtained, and a search of a ship, motor boat, wagon or automobile, for contraband goods, where it is not practicable to secure a warrant because the vehicle can be quickly moved out of the locality or jurisdiction in which the warrant must be sought." 267 U. S. 153, 45 S. Ct. 285.

The opinions in these automobile cases therefore do not rule the case in hand. Moreover, if the rule announced in Elrod v. Moss (C. C. A.) 278 F. 123, at page 130, that, "under the federal as well as the state statutes, to justify search and seizure or arrest without warrant, the officer must have direct personal knowledge, through his hearing, sight, or other sense, of the commission of the crime by the accused," were applicable to the case in hand, the facts of this case would fall far short of justifying the officers in either the search, seizure or arrests in this case.

We have carefully read and considered the opinions in the other cases cited above, and in our opinion the facts in those cases so materially differ from those in the cases at bar that they are neither controlling nor persuasive in support of the contention of counsel for the United States that the search and seizure in this case were not unreasonable, in the just and fair meaning of that word in the Fourth Amendment to the Constitution. The decisions of the Supreme Court and of other courts upon the question of the reasonableness of searches and seizures without warrants have been so exhaustively and admirably presented in this court by Judge Kenyon in Garske v. United States, 1 F.(2d) 620,

and Peru v. United States, 4 F.(2d) 881, that we shall not attempt again to review them here.

[1] Suffice it to say that the pertinent and controlling authorities upon this question of the reasonableness of searches for and seizures of property of an owner in a store, dwelling or other like structure by an officer of the government in attempting to enforce the prohibition or anti-narcotic or other like act, on his suspicion of the commission of a misdemeanor, have again been read and deliberately considered and our conclusion is that the true rule upon this subject is: That to justify such a search or seizure without a warrant by such an officer in a store, dwelling or other such structure, he must have direct personal knowledge through one or more of his five senses of sight, hearing, smell, taste or touch that the persons suspected, whose premises are to be searched or whose property is to be seized are committing the suspected misdemeanor in his presence. A rule that such a search or seizure lawfully may be made by an officer on such knowledge evidenced by his sense of sight, sense of hearing, or other sense, proves in practical operation to be too uncertain, vague and ineffective to protect the personal rights and privileges intended to be secured by the Fourth Amendment to the Constitution, because the word "sense" has so many and such various meanings. The Century Dictionary gives more than twenty-five meanings to this word, among others: Feeling, sentiment, imagination. It seems probable that the officers in the case in hand may have searched Mr. Brock's store and seized his stock and property on the afternoon of June 2, 1924, on their evidence through their sense of sentiment or of feeling or of imagination that he then and there possessed and sold the pint of whisky in their presence which they charged him with having and selling, although the indisputable fact was that he was not in the store that afternoon, that he knew nothing of that possession or sale until after the search and seizure had been made and that he had not authorized such possession or sale. Boyd v. United States, 116 U. S. 616, 630, 631, 632, 634, 6 S. Ct. 524, 29 L. Ed. 746; Weeks v. United States, 232 U. S. 383, 389, 393, 394, 34 S. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177; Silverthorne Lumber Co. v. United States, 251 U. S. 385, 390, 391, 392, 40 S. Ct. 182, 64 L. Ed. 319; Gould v. United States, 255 U. S. 298, 302, 303, 305, 306, 309, 312, 41 S. Ct. 261, 65 L. Ed. 647; Amos v. United States, 255 U. S. 313, 315, 41 S. Ct. 266, 65 L. Ed. 654; Elrod

v. Moss (C. C. A.) 278 F. 130; Snyder v. United States (C. C. A.) 285 F. 1, 4.

[2, 3] We turn to the facts. The officers gave this decoy one $5 bill and three $1 bills, sent her into the drug store of Mr. Brock, without notice to him and when he was absent, with instructions to buy whisky, and, if she succeeded, to give them an agreed sign when she came out. She came out, gave the sign and brought to them a pint bottle of whisky bearing a counterfeit stamp. These were all the facts they had personal knowledge of tending to indicate that Mr. Brock was committing or had committed a misdemeanor in their presence before they commenced their search and seizure. They did not see him commit any such misdemeanor, nor did any of their other four senses present to them any evidence of such a commission. Mr. Brock was the owner of and operated the drug store. He had a lawful permit to sell whisky on physician's prescriptions therein. The legal presumption was that he was innocent of the commission of the misdemeanor they suspected him of. They had no evidence that he had ever been guilty of such a commission before they sent their decoy into the store, and no reasonable cause to believe after she came out and before they commenced their search and seizure he had been or was guilty of any violation of the law. This search and seizure were clearly unreasonable and violative of the Fourth Amendment, and the judgment against Mr. Brock must be reversed.

[4] The property taken from him under this unlawful search and seizure must be returned to him because the United States has no evidence except that obtained by the illegal search and seizure that the property so taken was contraband or unlawfully owned or possessed by him. Godat v. McCarthy (D. C.) 283 F. 689, 690; Geraghty v. Potter (D. C.) 5 F.(2d) 366.

[5] The material facts in the case of the defendant Samuel differ from those relative to defendant Brock in this, that two of the officers testified that Samuel admitted that he sold the pint of whisky which the decoy procured, that Samuel testified that he neither sold the whisky nor admitted that he sold it, that this issue was submitted to the jury, and they found that he sold it. In view of that testimony and finding, his sentence on the second count of the indictment must be affirmed, and, because the facts in his case relative to the possession by him of the pint of whisky charged in the first count of the indictment do not differ from the facts in Brock's Case so materially as to withdraw it

from the effect of the principles and rules applicable to the latter case under this count, the judgment against Samuel upon the first count must be reversed.

Let the judgment against Mr. Brock be reversed, let his case be remanded to the court below with directions to grant a new trial, let an order be made forthwith by the court below that the property of Mr. Brock taken from him by the enforcement officers in or through the search and seizure be returned to him, that the evidence and information procured by such officers against Mr. Brock by or through such search and seizure be suppressed and that none of it be used against him.

Let the judgment against Mr. Samuel on the second count of the indictment be affirmed, let the judgment against him on the first count be reversed and the case against him upon that count be remanded to the court below with directions to grant him a new trial upon that count, and let an order be made forthwith for the return to him of any property owned by him taken under or through the search and seizure and the suppression of the evidence of such property and of any evidence against him derived from information gained by such search and seizure.