Kirk **JOHNSON, Plaintiff in Error, v. UNITED STATES of America, Defendant in Error.**

(Circuit Court of Appeals, Eighth Circuit. April 19, 1926.)

No. 7047.

·In Error to the District Court of the United States for the Western District of Missouri; Albert L. Reeves, Judge.

Milford W. Rider, of Kansas City, Mo., for plaintiff in error.

C. C. Madison, U. S. Atty., of Kansas City, Mo. (S. M. Carmean, Asst. U. S. Atty., of Kansas City, Mo., on the brief), for the United States.

Before SANBORN, Circuit Judge, and MUNGER and JOHNSON, District Judges.

SANBORN, Circuit Judge. The defendant below, Kirk Johnson, was charged by information, tried, convicted and sentenced to confinement for 90 days in the county jail at Butler, Mo., for the alleged offense of unlawful possession of five pints of whisky for beverage purposes on June 2, 1924. This is the same Kirk Johnson, night clerk of Mr. Brock in the latter's drug store in Kansas City, Mo., from whom, under the search and seizure described in the opinion which is filed herewith in the case of Brock and Samuel v. United States, 12 F.(2d) 370, five pints of whisky were taken by the enforcement officers without a search warrant. Before this case came to trial, Johnson made a motion, on the ground that the search and seizure were violative of the Fourth Amendment to the Constitution, for an order for a return of this whisky to him, the suppression of the evidence it might furnish against him and the suppression of all evidence against him derived from information obtained under such search and seizure. The motion was denied, and Johnson excepted. At his trial these five pints of whisky and other evidence derived from the search and seizure and the information obtained thereby were introduced in evidence against him over his objections and exceptions. He assigned these rulings as errors, and we have considered them and the evidence and arguments in his case.

The material facts, the principles and rules of law and the reasons for our conclusion in this case are sufficiently set forth in our opinion in Brock and Samuel v. United States, 12 F.(2d) 370. We deem it unnecessary to restate them here, but refer to that opinion for them. Our conclusion is that the search and seizure as against Johnson were unreasonable, violative of the Fourth Amendment to the Constitution and that it was error to deny his motion for a return of his property seized thereunder and to receive it in evidence against him.

Let the judgment against him therefore be reversed, and let his case be remanded to the court below, with directions to grant a new trial.

Let an order be made for a return to him of his property taken from him under this search and seizure and for a suppression of the evidence against him of that property and of evidence against him derived from information obtained by the unlawful search and seizure.