## GHISOLFO v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. September 7, 1926.)

No. 4795.

**1. Intoxicating liquors ⬤⇒250.**

Jurisdiction to condemn or otherwise dispose of intoxicating liquor or property designed for its manufacture is not inherent in courts, but is statutory.

**2. Intoxicating liquors ⬤⇒250—Court did not have jurisdiction to condemn intoxicating liquor and property for its manufacture, seized without search warrant (National Prohibition Act, tit. 2, § 25 [Comp. St. § 10138½m]).**

Under National Prohibition Act, tit. 2, § 25 (Comp. St. § 10138½m), court did not have jurisdiction to condemn or otherwise dispose of intoxicating liquor and property for its manufacture, seized without search warrant, and libel to condemn it must be dismissed.

**3. Forfeitures ⬤⇒2.**

Statutes authorizing courts to condemn property or declare forfeiture must be followed with at least reasonable strictness.

Appeal from the District Court of the United States for the First Division of the Northern District of California; John S. Partridge, Judge.

Libel by the United States against 30,089 gallons, more or less, of wine, cooperage, etc.,

claimed by Nathan Ghisolfo. Decree for libelant, and claimant appeals. Reversed, with directions.

Williams, Kelly & McDonald, of San Francisco, Cal., for appellant.

Geo. J. Hatfield, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal.

Robert Duncan, of San Francisco, Cal., amicus curiæ.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. This was a proceeding by libel to condemn a large quantity of intoxicating liquor and property designed for its manufacture. From a decree in favor of the libelant the claimant has appealed.

The proceeding was instituted under section 25 of title 2 of the National Prohibition Act (Comp. St. § 10138½m), which provides as follows:

"Sec. 25. It shall be unlawful to have or possess any liquor or property designed for the manufacture of liquor intended for use in violating this title or which has been so used, and no property rights shall exist in any such liquor or property. A search warrant may issue as provided in title XI of public law numbered 24 of the Sixty-Fifth Congress, approved June 15, 1917, and such liquor, the containers thereof, and such property so seized shall be subject to such disposition as the court may make thereof. If it is found that such liquor or property was so unlawfully held or possessed, or had been so unlawfully used, the liquor, and all property designed for the unlawful manufacture of liquor, shall be destroyed, unless the court shall otherwise order. No search warrant shall issue to search any private dwelling occupied as such unless it is being used for the unlawful sale of intoxicating liquor, or unless it is in part used for some business purpose such as a store, shop, saloon, restaurant, hotel, or boarding house. The term 'private dwelling' shall be construed to include the room or rooms used and occupied not transiently but solely as a residence in an apartment house, hotel, or boarding house. The property seized on any such warrant shall not be taken from the officer seizing the same on any writ of replevin or other like process."

[1, 2] The libel failed to allege a seizure of the property sought to be condemned under a search warrant or otherwise, and no such seizure was in fact made. For this reason it is contended that the libel failed to state a cause of action, and that the court was with-

out jurisdiction. Jurisdiction to condemn or make other disposition of intoxicating liquor, or property designed for its manufacture, is not inherent in the courts. It is dependent upon statute, and the statute here in question confers no general jurisdiction in that regard. It simply provides that the outlawed property may be seized under a search warrant, issued as provided in the Espionage Act (Comp. St. §§ 10496¼a–10496¼r), and it is only "such property so seized" that is subject to the disposition of the court. Such is the plain language of the statute and such has been the construction placed upon it whenever called in question. United States v. Franzione, 286 F. 769, 52 App. D. C. 307; United States v. Specified Quantities of Intoxicating Liquors (C. C. A.) 7 F.(2d) 835; Daeufer-Lieberman Brewing Co. v. United States (C. C. A.) 8 F.(2d) 1; United States v. 419 Barrels, More or Less, of Malt Beverage, United States v. John F. Betz & Son, John F. Betz & Son v. United States (C. C. A.) 9 F.(2d) 1022. See also, United States v. Loomis (C. C. A.) 297 F. 359.

The industry of counsel has been rewarded by finding but one case to the contrary, and that is a District Court Case, which is conceded to be contrary to later decisions of the Circuit Court of Appeals of the circuit in which the court was sitting. The case referred to is United States v. 2615 Barrels, More or Less, of Beer (D. C.) 1 F.(2d) 500.

Our attention is directed to the provision of section 25, declaring that no property rights shall exist in any liquor or property designed for the manufacture of liquor intended for use in violation of the National Prohibition Act; but this declaration of outlawry confers no jurisdiction upon the courts of the United States to entertain a proceeding of this kind. If the act had stopped there, we apprehend there would be no contention that jurisdiction existed; and if jurisdiction exists at all it must be found in that provision of the section which says: "And such property so seized shall be subject to such disposition as the court may make thereof." That this provision confers jurisdiction will not be denied, but that the jurisdiction thus conferred is a limited one cannot be successfully gainsaid. The next section of the act provides for the seizure and forfeiture of automobiles and other vehicles discovered in the act of transporting liquor in violation of law, and it has been uniformly held, so far as we are advised, that there can be no forfeiture under the latter section unless the terms of the statute are strictly complied with. In other words, it must appear that an officer discovered some person in the act of transporting liquor in violation of law; that there was a seizure of the liquor and the vehicle, and a conviction of the person charged with the transportation. United States v. Loomis, supra; United States v. Hydes (D. C.) 267 F. 470; United States v. Slusser (D. C.) 270 F. 818.

[3] These decisions show very clearly that the power to condemn or declare a forfeiture must be found in the statute, and that such statutes must be pursued with at least reasonable strictness. The numerous cases cited by the government arising under the Food and Drug Act (34 Stat. 768 [Comp. St. §§ 8717–8728]), have no application here, because section 10 of that act (section 8726), expressly provides that the adulterated or misbranded food or drug shall be liable to be proceeded against in any District Court of the United States within the district where the same is found, and seized for confiscation by a process of libel for condemnation. The statute now before us contains no such general provision. On the contrary, it simply provides for condemnation, forfeiture, or other disposition of property seized under a search warrant, or of vehicles seized while engaged in the act of transporting liquor in violation of law, and of the liquor so transported, and nothing more.

Having reached the conclusion that the court was without power to condemn or make other disposition of the property in question, we are not called upon to discuss the more general questions as to the necessity for executive seizures, or waivers by general appearance, in this class of cases.

It is strenuously urged that there should be some remedy for the destruction or other disposition of property of this kind; but, conceding this, the remedy lies with Congress, and not in usurpation on the part of the courts.

The decree is reversed, with directions to dismiss the libel.