## UNITED STATES v. CERTAIN MALT, etc.

District Court, D. Minnesota, Fourth Division.
November 26, 1927.

Intoxicating liquors ⬪250—Property must be in government's possession under lawful seizure, to sustain libel for forfeiture (National Prohibition Act, tit. 2, § 25 [27 USCA § 39]).

Under National Prohibition Act, tit. 2, § 25 (27 USCA § 39), property must be in possession of the government under a lawful seizure, to sustain a libel for its forfeiture.

Forfeiture Libel. Proceeding by the United States against certain malt, bottles, labels, corks, caps, kegs, barrels, jars, sugar, charcoal, wine presses, whisky and wine agers, hydrometers, funnels, flavoring extracts, hops, coloring matter, malt syrup, various brands whisky labels, whisky bottles, marked whisky corks, and various quantities of other utensils, contrivances, machines, preparations, and compounds. On motion to dismiss libel and for return of property seized. Granted.

Brill & Maslon, of Minneapolis, Minn., for the motion.

Lafayette French, Jr., U. S. Atty., and William Anderson, Asst. U. S. Atty., both of St. Paul, Minn., opposed.

CANT, District Judge. In this case the question proposed by the government for solution was whether the person owning the property in question had assembled the same and was offering it for sale, with the intent that it should be used in the unlawful manufacture of intoxicating liquor. If the claim of the government in this respect was correct, the property should have been seized and confiscated and the owner punished. If not correct, the matter should have been so determined on the merits. Because of the very imperfect work done in connection with the attempted seizure, the court is effectually prevented from reaching the main question at all. From the first, the owner of the property has claimed that the search warrant was illegal and the seizure wrongful. The court has held that he was justified in making this claim. The right of people to be secure in their persons, houses, papers, and effects is a matter of much importance in English and American law. If there is to be a search or seizure, certain prescribed rules must be substantially followed. They were not in this case. The result is that much work on an important matter goes for naught.

While the property in question was being held under the search warrant by prohibition officers, the government instituted proceedings by libel for the forfeiture thereof. The owner of the property has moved to dismiss the libel, on the ground that the possession of the government under the void search warrant, on which the libel is based, was illegal. The government resists such motion.

In the order quashing the search warrant under which the property was held, the court intimated that the libel could not well stand, and cited in support thereof United States v. Specified Quantities of Intoxicating Liquor (C. C. A.) 7 F.(2d) 835 (Second Circuit), and Daeufer-Lieberman Brewing Co. v. United States (C. C. A.) 8 F.(2d) 1 (Third Circuit). The ground of the decision in each case was that the libel rested on the prior seizure of the prohibition agents, and that, if such seizure was wrongful, the libel must fall. The same view is suggested, but not directly held, in United States v. 63,250 Gallons of Beer, etc. (D. C.) 13 F.(2d) 242–246, where the Daeufer-Lieberman Case is cited. In United States v. Loomis (C. C. A.) 297 F. 359, 361, subdivision 3, it is declared that "forfeiture can only be declared if the thing sought to be forfeited was lawfully taken into possession." This is the general underlying rule in such cases. See, also, Ghisolfo v. United States (C. C. A.) 14 F.(2d) 389 (Ninth Circuit).

In opposition to the foregoing the government urges that under section 25, tit. 2, National Prohibition Act (27 USCA § 39), though the seizure was wrongful, and though the search warrant should be quashed, the claimants could have no ownership in the contraband property, and were not entitled to its return; that the liquor was subject to the orders of the court, and that the possession of the prohibition officers was sufficient to sustain the libel. In Amos v. United States, 255 U. S. 313, 41 S. Ct. 266, 65 L. Ed. 654, it seems to be held that under such

circumstances the liquor should be returned. Many other cases are to the same effect. Among them is Brock v. United States (C. C. A.) 12 F.(2d) 370 (Eighth Circuit), where, although the case itself is distinguishable, it cites with approval Godat v. McCarthy (D. C.) 283 F. 689, 690, and Geraghty v. Potter (D. C.) 5 F.(2d) 366, in each of which intoxicating liquor wrongfully seized was ordered returned to the claimant.

It is urged that the case of Dodge et al. v. United States, 272 U. S. 530, 47 S. Ct. 191, 71 L. Ed. 392, supports the views of the government. This is not at all clear. That was a case of a valid seizure under section 26, tit. 2, National Prohibition Act (27 USCA § 40), where no warrant was required. The case at bar was that of a seizure wholly void. The government might adopt the previous seizure in the one case, but could not in the other. The language of any decision must be construed and understood with reference to the particular facts there before the court. The Dodge Case is concerned with a situation where there was a legal right to seize, but no formal authority. The language used must be understood as applying to such facts. The situation was the same in the authorities therein relied upon, wherein Mr. Justice Story declared the law in such cases. Here the only right to seize was based on the formal warrant, to which the owner yielded, but the warrant was void.

The government also relies on Potter v. Geraghty, 273 U. S. 773, 47 S. Ct. 235, 71 L. Ed. ——. The meaning of, or reason for, that decision does not appear. It was disposed of "per stipulation of counsel." What led to the agreement and stipulation is not disclosed. The case is not to be considered as the deliberate expression of opinion by the Supreme Court upon the points discussed in the District Court. In this respect the case is much like that of Meeker v. Winthrop Iron Co. (C. C.) 17 F. 48, which, at 122 U. S. 635, 30 L. Ed. 1243, was reversed and remanded "pursuant to stipulation on file"; but the original opinion of the District Court is cited as good law to this day.

In Dumbra v. U. S., 268 U. S. 435, 45 S. Ct. 546, 69 L. Ed. 1032, cited by the government, the point here in question was not before the court and it was by allusion only that it was touched. The case of Levin v. Blair (D. C.) 17 F.(2d) 151, outlines a course of procedure which is in accord with the claims of the government.

The statement of counsel as to what took place in the judiciary committee of the House of Representatives, and as to what

was intended thereby, is very likely authentic; but, if so, the intended meaning should have been made more clear. We must be governed by the language used. If it is equivocal in meaning, it is the restricted meaning only which can be adopted.

It cannot be said that the questions here involved are wholly without doubt, or that the reasons are all in favor of the petitioner; but both reason and authority clearly favor the contentions of the petitioner, and it is especially true that the persuasive authorities first above cited, including the one from our own circuit, cannot be ignored.

The motion to dismiss the libel and for related relief, therefore, should be granted.