## UNITED STATES v. 673 CASES OF DISTILLED SPIRITS AND WINES.

Civil Action No. 677.

District Court, D. Minnesota, Third Division.

March 1, 1946.

William P. Murphy, Asst. U. S. Atty., of St. Paul, Minn., for libelant.

L. L. Drill and O. A. Blanchard, both of St. Paul, Minn., for claimants Samuel H. Taran and Jerry M. Londer.

JOYCE, District Judge.

The Government has seized and libeled a quantity of distilled spirits and wines for violation of the Internal Revenue laws. The answering claimants allege that the Government does not have lawful possession of the liquor because it was acquired by an unreasonable search and seizure in contravention of their constitutional rights guaranteed by the Fourth Amendment and therefore that the liquor is not "subject to forfeiture" and cannot be used as evidence in this proceeding.

This matter came on for hearing on February 6, 1946, pursuant to an understanding between court and counsel that there were certain questions which could be disposed of before trial on the merits. Counsel for claimants then stated it was his view that it was incumbent upon the Government to proceed to establish that it had lawful possession of the res. This the Government refused to do claiming it had been agreed that this hearing was not a trial on the merits. The claimants then introduced evi-

dence tending to prove that the liquor was seized without a search warrant. The Government introduced no evidence. Claimants moved for a dismissal and vacation of the libel on the ground that "it conclusively appears that the liquors involved in this libel are not in the possession of the Government under a lawful seizure; * * * and the court is without power or jurisdiction to condemn." The motion was argued orally and briefs submitted. The language of the motion seems to raise a clear-cut issue, i. e., whether as a matter of law the court has jurisdiction of a libel proceeding where the Government has unlawful possession of the libeled res. But claimants' answers admit the jurisdiction of the court and their counsel emphatically stated in his briefs and on argument that the jurisdiction of the court was not under attack. It is apparently conceded that the Government's possession of the property, whether lawful or not, confers jurisdiction on the court but it is contended that if the possession is unlawful the court lacks the "power to condemn." By this counsel, I believe, does not actually mean that the court lacks judicial power but rather that lawful possession by the Government is an essential of its case and if it fails to sustain that burden the court would be in error in ordering condemnation.

In support of their position claimants cite Daeufer-Lieberman Brewing Co. v. United States, 3 Cir., 8 F.2d 1, 3. But in that case the court states the question before it: "Having found the execution of the search warrant unlawful, did the court have such possession of the property as would give it jurisdiction of a case involving its forfeiture?" and answered the question in the negative. On petition for rehearing the court stated:

"Possession of the res as affecting the jurisdiction of the court in the libel proceeding was the possession which the government had when it filed the libel. Concededly, that possession was unlawful. Yet the government, by the libel, sought the forfeiture of property it had unlawfully seized and then unlawfully held. The point of our decision is, under authority of The Brig Ann [9 Cranch, 289, 3 L.Ed. 734],

Gelston v. Hoyt [3 Wheat. 246, 4 L.Ed. 381], and Dobbins Distillery v. United States, supra [96 U.S. 395, 396, 24 L.Ed. 637], that cannot be done."

Without discussing the merits of this case the court there obviously considered unlawful possession a jurisdictional matter and the case therefore does not support claimants' position here where the claimants in argument and brief concede jurisdiction

█ United States v. Two Soaking Units, D. C. 44 F.2d 650, and United States v. Lot of Wine, D.C. 31 F.2d 495, were both District Court cases in New York where the libels were dismissed because of unlawful seizure. In each case the court stated that as the seizure of the res falls, the entire proceeding falls with it. Both decisions seem to consider the lawfulness of the seizure a jurisdictional matter rather than a matter going to the merits as both are disposed of on motion to vacate. However, any doubt on this question in the second circuit has been dispelled by Judge Augustus N. Hand's well reasoned opinion in United States v. 8 Boxes, 2 Cir., 105 F.2d 896, which holds that goods acquired by a search and seizure illegal under the Fourth Amendment will not prevent the court from acquiring jurisdiction upon filing of a libel for their forfeiture. Previous cases in that circuit seemingly to the contrary, such as United States v. Specified Quantities, 2 Cir., 7 F.2d 835, and In re Phoenix Cereal Beverage Co., 2 Cir., 58 F.2d 953, are distinguished or specifically overruled. The same rule is applied in the first circuit in Strong v. United States, 1 Cir., 46 F.2d 257, 79 A.L.R. 150, and in the sixth circuit in Bourke v. United States, 6 Cir., 44 F.2d 371. In the Ninth Circuit no definite position has been taken. There is some language in Ghisolfo v. United States, 9 Cir., 14 F.2d 389, to support the position taken by the third circuit in Daeufer-Lieberman Brewing Co. v. United States, supra, but in the later NG KA PY Cases, 9 Cir., 24 F. 2d 772, 773, the same court said:

"If it be conceded that the proposition finds a measure of support in certain language used in Ghisolfo v. United States, 9

Cir., 14 F.2d 389, it is to be noted that there no seizure at all had been made, by search warrant or otherwise, and there was wholly wanting the jurisdictional prerequisite of possession of the offending res. The language relied upon was therefore unnecessary to the decision and must be regarded as obiter. That the real point intended to be decided was that possession is a necessary prerequisite to the maintenance of such an action becomes clear upon reference to the citations, which with a single exception are pertinent only to that question."

and after holding that the seizure involved did not violate claimant's constitutional guarantees further stated:

"That being true, we need not consider whether, in a case where possession is obtained through an unlawful search, the unlawfulness forbids jurisdiction, or only affects incidents of its exercise."

United States v. Loomis, 9 Cir., 297 F. 359, also from the ninth circuit, contains language seeming to support claimants' position here and the case is cited with approval in United States v. Certain Malt, D. C., infra, but that language was characterized as "dicta" in United States v. One Studebaker Seven-Passenger Sedan, 9 Cir., 4 F.2d 534, and the holding in the Loomis case was not followed by the Supreme Court in Dodge v. United States, 272 U.S. 530, 47 S.Ct. 191, 71 L.Ed. 392.

Apparently the question has not been directly presented to the Eighth Circuit Court of Appeals, but in this District Judge Cant in United States v. Certain Malt, D.C., 23 F.2d 879, 880, granted the motion to dismiss a libel where the Government had possession of the liquor under a void search warrant. Judge Cant stated "it cannot be said that the questions here involved are wholly without doubt" and apparently considered the question a jurisdictional one as it was disposed of on motion and Daeufer-Lieberman Brewing Co. v. United States, 3 Cir., 8 F.2d 1, is cited as authority for his conclusion. Brock v. United States, 8 Cir., 12 F.2d 370, is also cited in the opinion. The Brock case was a criminal prosecution for violation of the liquor laws in which certain property obtained by illegal search and sei-

zure was used as evidence. In reversing the conviction the court said (12 F.2d 373):

"The property taken from him under this unlawful search and seizure must be returned to him because the United States has no evidence *except* that obtained by the illegal search and seizure that the property * * * was contraband or unlawfully owned or possessed by him." (Italics supplied.)

The word "except" is significant because it leaves the inference that if the Government had had other evidence that the property was forfeit under the Internal Revenue laws it would not have been ordered returned even though the property itself was illegally procured and could not have been used as evidence. This would coincide with the view of the first, second and sixth circuits as opposed to the rule in the third circuit. There is, of course, a well recognized distinction between using illegally acquired property as evidence and its status to support jurisdiction in a libel proceeding. Dodge v. United States, 272 U.S. 530, 47 S. Ct. 191, 71 L.Ed. 392; Boyd v. United States, 116 U.S. 616, where at page 623, 6 S.Ct. 524, 528, 29 L.Ed. 746, it is said:

"The search for and seizure of stolen or forfeited goods, or goods liable to duties and concealed to avoid the payment thereof, are totally different things from a search for and seizure of a man's private books and papers for the purpose of obtaining information therein contained, or of using them as evidence against him. The two things differ toto cœlo. In the one case, the government is entitled to the possession of the property; in the other it is not. The seizure of stolen goods is authorized by the common law; and the seizure of goods forfeited for a breach of the revenue laws, or concealed to avoid the duties payable on them, has been authorized by English statutes for at least two centuries past; and the like seizures have been authorized by our own revenue acts from the commencement of the government."

In United States v. Certain Malt, supra, it is also pointed out that the Massachusetts cases of Godat v. McCarthy, D.C., 283 F. 689, and Geraghty v. Potter, D. C., 5 F.2d 366, 369, are cited with approval by our

Circuit Court of Appeals. But they are cited only as examples of cases where liquor was returned to the owner. In neither case was there a libel proceeding to condemn the liquor, so upon the question of whether a res unlawfully seized will support the court's jurisdiction is not even considered. Both cases were suits to recover possession of liquor which the Government had unlawfully seized and then had taken no affirmative action either by way of criminal prosecution or forfeiture proceeding. In Geraghty v. Potter the court concluded:

"As a result of much deliberation and a careful examination of the authorities, I have reached the conclusion that it is the duty of the government to return liquor in its possession as a result of an unlawful search and seizure made by representatives of the government, whether taken from a dwelling house or otherwise, in cases where the government has no evidence *other than* that secured by the unlawful search and seizure." (Italics supplied.)

The inference is left that even in such a case the importance of the manner in which the liquor was seized is limited to its admissibility as evidence, which would not be contrary to the ruling of the first Circuit Court of Appeals in Strong v. United States, 1 Cir., 46 F.2d 257, 79 L.Ed. 150.

In United States v. Various Articles of P. Property, D.C. W.D.N.Y., 11 F.Supp. 193, 194, the court said: "In the instant case it is incumbent upon the government to establish that the seizure was lawful." Claimants rely on this language as supporting their position that as part of its case the government must show that it acquired the property under a proper search and seizure. But a reading of the entire case demonstrates that the word "lawful" was not used in that sense. The question of search and seizure was not mentioned. The only issue was whether claimants' cross-bill for damages because of the alleged "unlawful" seizure should be stricken. The court states that if the government establishes a lawful seizure the property becomes the property of the United States and the former owner has no further rights in it. This is in accord with the government's position here that the "lawfulness" of the seizure is dependent only on whether the property seized was forfeit under the Internal Revenue laws not the manner in which possession was acquired.

This danger of relying on excerpts from an opinion as determinative is illustrated by the following language in Judge Story's opinion in The Brig Ann, 9 Cranch 289, 13 U.S. 289, 291, 3 L.Ed. 734:

"* * * before judicial cognizance can attach upon a forfeiture in rem, under the statute, there must be a seizure; for until seizure it is impossible to ascertain what is the competent forum. And, if so, it must be a good subsisting seizure at the time when the libel or information is filed and allowed. If a seizure be completely and explicitly abandoned, and the property restored by the voluntary act of the party who has made the seizure, all rights under it are gone. Although judicial jurisdiction once attached, it is divested by the subsequent proceedings; and it can be revived only by a new seizure. It is, in this respect, like a case of capture, which, although well made, gives no authority to the prize Court to proceed to adjudication, if it be voluntarily abandoned before judicial proceedings are instituted," which is quoted in the Daeufer-Lieberman v. United States case, supra, in support of the holding there that possession by the government under an unlawful search warrant defeats the court's jurisdiction in a libel proceeding. In the Brig Ann case the question was whether the government *in fact* had possession when the property was libeled. The Brig Ann had been seized on October 7, 1912. On the morning of October 12th the ship's papers were returned and permission granted for it to proceed. In the afternoon of the same day the libel on information was allowed and the next day the United States Marshal took possession. The court held there was no jurisdiction because there must be actual possession at the time of the libel and it is in this connection that the words "a good subsisting seizure" are used. The case has no application where there is actual possession of the property at the time of the libel. The Daeufer-Lieberman case also quotes Gelston v. Hoyt, 3 Wheat. 246, 318, 16 U.S. 246, 4 L.Ed. 381: "Where property is seized and libeled, * * * the sole object of the suit is to ascertain

900

whether the seizure be rightful, and the forfeiture incurred or not," and concludes that "rightful" means a constitutional seizure. The case of Gelston v. Hoyt covers some ninety pages in the reports and the quoted language is used in connection with a discussion of the finality and conclusiveness of a decree in rem in a forfeiture proceeding and has no relationship to any constitutional guarantees. In the same case in discussing the right of revenue officers to make the seizure the court said in 3 Wheat. 246, 310, 16 U.S. 246:

"At common law, any person may, at his peril, seize for a forfeiture to the government; and if the government adopt his seizure, and the property is condemned, he will be completely justified. * * * There is this strong additional reason in support of the position, that the forfeiture must be deemed to attach at the moment of the commission of the offence, and, consequently, from that moment, the title of the plaintiff would be completely devested, so that he could maintain no action for the subsequent seizure. This is the doctrine of the English courts, and it has been recognised and enforced in this court, upon very solemn argument."

This language does not seem to support the proposition for which the case is cited.

Castro v. United States, 1 Cir., 23 F. 2d 263, and Talent v. United States, 1 Cir., 32 F.2d 630, both decided by the same district judge, seem to hold that as part of its case the government must plead and prove that it acquired property lawfully. Both of these cases were "disapproved" by the Circuit Court in Strong v. United States, 1 Cir., 46 F.2d 257, 79 A.L.R. 150. The reasoning in the Strong case is clear that as the statute there involved provided that in the event of possession of the liquors intended for use in violation of the act, "no property rights shall exist in any such liquor," and that in the happening of that event claimant became divested of any title or right in the property and is in no position to complain about an alleged unlawful seizure. The present action is brought under Section 3116 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 3116, which is in substantially the same form as the statute in the Strong case, so it is authority for the government's position that as its possession here is conceded, the only issue for trial is whether or not the liquor is forfeit under the Internal Revenue laws.

I have examined the cases at some length because of claimants' insistence on their motion and do not find that their position is supported by the weight of authority, but I cannot escape the conclusion that much of what is urged in argument is not now properly before me. Claimants concede the jurisdiction of the court which is attacked by the form of the motion, nor does the evidence taken in support of the motion convincingly demonstrate that the search and seizure was in violation of the Fourth Amendment. But that question cannot be properly raised until the government has had an opportunity to present its case on the merits. If it should then appear that the search and seizure was not unlawful, the principal questions of law argued here would become moot.

The motion in all respects is denied without prejudice to claimants to renew it on the trial, and the case is set down for trial on the merits.